## MEHRHOFF *v.* MEHRHOFF and others.[1]

*(Circuit Court, D. Kansas.* January 2, 1886.)

1. HUSBAND AND WIFE—ACTION BY WIFE FOR ALIENATING HUSBAND'S AFFECTIONS—COMP. LAWS KAN. *c.* 62, §§ 1-4.

    A married woman, in Kansas, can maintain an action in her own name for the alienation of the affections of her husband, and depriving her of his society, care, and support.

2. SAME—PLEADING—COMPLAINT—DEMURRER.

    In an action by a wife.to recover damages for the alienation of her husband's affections, a complaint alleging that defendants began systematically to poison and prejudice the mind of her husband by telling him false stories about her, and charging her with unwillingness and inability to do housework, and by treating her with gross disrespect in his presence, and finally by falsely and maliciously charging her in his presence with having committed adultery, is not sufficient, except as to the allegation as to the charge of adultery, and as to that it should be made more specific by stating the time and place where the words were spoken, and what words were used.

At Law. The opinion states the facts.

*Day & Dodge* and *Maher & Osmond,* for plaintiff.

*H. D. McMullen* and *Dieffenbacker & Banta,* for defendants.

FOSTER, J. The plaintiff sues to recover damages for an alleged violation of her marital rights, in this, to-wit: that the defendants, who are the father and mother of William Mehrhoff, her husband, conspired to separate the plaintiff and her said husband, and to deprive the plaintiff of the care and society of her said husband, and alienate his affections from her; that, to accomplish the said purposes, the defendants began systematically to poison and prejudice the mind of her husband against her by telling him false stories about the plaintiff, charging her with unwillingness and inability to do housework, and by treating plaintiff in her husband's presence with gross disrespect, and finally by falsely and maliciously charging the plaintiff, in her husband's presence, with having committed adultery,—by reason whereof, the affections of the plaintiff's husband were alienated from her, and caused him to treat her badly, and with such cruelty that she was compelled to take her infant child and flee from her husband's domicile in the night-time, and that he has completely abandoned her and said child; that he has no property out of which she could

be decreed alimony, etc., to her damage, $5,000. To the petition defendánts file a general demurrer.

The main question presented in this case is this: Can a married woman maintain an action in her own name for the alienation of the affections of her husband, and depriving her of his society, care, and support? It must be said that no such right of action existed under the common law by reason of the legal unity of husband and wife. Has the legislation on the rights of married women in this state removed this barrier of the common law? In *Westlake* v. *Westlake*, 34 Ohio St. 621, this question is discussed at length under the statute of that state, and the court, by a divided bench, (a majority of one,) held that the wife could maintain her action. In *Logan* v. *Logan*, 77 Ind. 558, the court, by a majority of one, decided that under the statutes of Indiana the wife could not maintain an action, but, the words being slanderous, she could maintain her action of slander. It will be observed from reading these cases that under both the statutes of Ohio and Indiana the right of a married woman to sue or be sued alone was restricted to certain subjects and causes of action. Under the statutes of this state the right of a married woman to sue and be sued is without restriction or limitation in terms. It reads as follows: "A woman may, while married, sue and be sued, in the same manner as if she were unmarried." St. 1879, c. 62, § 3. The statute also protects her in the enjoyment of her separate real and personal property, and gives her the right to sell and convey such property, and make contracts in reference thereto, to the same extent as a married man in relation to like property of his own. It also authorizes her to carry on trade and business, and perform labor and service on her sole and separate account, and makes her earnings her sole and separate property, and gives her authority to invest the same in her own name, etc. Sections 1–4, c. 62, Laws 1879.

In reference to the matter of suing or being sued she stands on the same footing as the unmarried woman. For any violation of personal rights an unmarried woman has the same remedy that a man has. She may sue for an injury to her character, her person, or her property. A right of action to this extent is clearly given to a married woman under the statutes. *Furrow* v. *Chapin*, 13 Kan. 112; *Townsdin* v. *Nutt*, 19 Kan. 284. Words imputing unchastity to a female give her a right of action for slander, and it seems to me that the provision of the statutes of Kansas was intended to and does liberate a married woman from the common-law disability, so far as to enable her to sue for any violation of her personal rights, as well as for injury to her property; and, in the words of the court in the case of *Westlake* v. *Westlake, supra:* "If at common law the husband could maintain an action for loss of *consortium* of the wife, I can see no reason why, under our law, the wife cannot maintain an action for the loss of *consortium* of the husband." It is quite apparent by the language used that it is the intent of the statute that a

woman, so far as the power to assert or maintain her rights in a court is concerned, should not be affected by coverture; and the law in that respect places her where she was before the marriage. It is true this right of action grows out of a relation only arising where the married relation exists, but I have but little doubt that it comes within the spirit and intent of the law, and that it was the purpose of the legislature to permit a married woman to sue for a violation of her personal rights, although such rights grow out of the marital relations.

It should be remarked, in conclusion, that it is very doubtful if the words or conduct imputed to the defendant are sufficient to base this action upon, with the exceptions of the words charging the plaintiff with adultery. *Lynch* v. *Knight*, 9 H. L. 577, cited in *Westlake* v. *Westlake.* As to this particular charge, the time and place and, if possible, the words spoken should be set out in the petition, so that the defendants may be informed exactly what charge they are required to meet.

The demurrer will be sustained as to the latter objections,—that is, the insufficiency of the allegations in reference to the words spoken, as I have indicated,—and overruled as to the other question, with leave to the plaintiff to amend within 20 days.