## HERCULES POWDER CO. v. ROHM & HAAS CO.

### Civ. A. No. 301.

District Court, D. Delaware.

Oct. 26, 1944.

See also 3 F.R.D. 328.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., Theodore S. Kenyon and Edgar F. Baumgartner (of Kenyon & Kenyon), of New York City, for plaintiff.

Arthur G. Connolly, of Wilmington, Del., for defendant.

LEAHY, District Judge.

The present matter comes before the court upon defendant's motion to inspect certain documents under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1] Attached to defendant's motion is an affidavit stating that the requested documents are in the possession of plaintiff. Plaintiff resists the production of the requested documents on the ground that they are not relevant or material to the subject matter involved in the pending action.

■ It is apparent from a consideration of the Rules, as well as from the many decided cases, that it was intended to permit discovery before trial whenever possible, for the new Rules were intended to facilitate the speedy and economical settlement of disputes. That being so, requests for discovery should be viewed liberally and with favor. In Moore's Federal Practice, Sec. 34.04, the author states: "The court must pass upon the materiality of the designated documents or tangible things before making an order. Since materiality is not as easily determined before trial as at the trial, the standard of materiality for purposes of inspection before trial will be considerably broader than at the trial. (p. 2639) * * * But in determining a motion under Rule 34 and in framing its order, the court should be guided primarily by the spirit of the Federal Rules which requires that discovery before trial be made wherever possible." (p. 2641).

In determining whether the specific documents requested in the motion should be produced, I have endeavored to do so in what I regard as the spirit of the Rules, but even so, most of the requested documents fail to meet this liberal test.

Plaintiff's objections to Items 1 to 3 are that defendant's request is unnecessary and irrelevant; that it contains no identification of documents and the production of which would be burdensome on plaintiff; and that the request, in fact, is an intent to pry into plaintiff's business on irrelevant matters.

■ Item No. 1. I think plaintiff's objections are sound, but not for all of the reasons advanced. That defendant's request is unnecessary and calls for production of documents which would be burdensome on plaintiff are not in themselves adequate reasons to refuse production. But I think there are other grounds upon which the request should not be granted. Plaintiff, in its answer to defendant's interrogatories, has already given its definition of "insecticide". It has also explained the specific toxic agents contained in its product. Defendant's request is for test records without limitation as to time and without identification of precisely what it seeks. This is sufficient to refuse the request. As defendant is of the belief that plaintiff's

---

[1] The items for which defendant requests inspection are the following:

1. Test records and reports relating to the chemical analyses of Thanite, including methods of analysis, the determination of each thiocyanate and non-thiocyanate compound found therein, and the amounts thereof.

2. Test records and reports relating to a determination of the insecticidal activity of each compound found to be present in Thanite.

3. Test records and reports relating to a determination of the insecticidal activity of alicyclic thiocyanates, i. e., compounds having a thiocyanate group directly attached to an alicyclic hydrocarbon group.

4. Test records and reports relating to a determination of the insecticidal activity of aliphatic thiocyanates whose molecules contain only open chain radicals.

5. Orders for and written inquiries regarding Thanite, and replies thereto, wherein the word Thanite was misspelled or this material was designated by some other name.

6. Test records and reports on the preparation and investigation of all organic thiocyanates made preliminary to the inter partes tests, including methods of preparing these compounds, determination of the purity and composition thereof, and determination of the insecticidal value, odor and irritation of compositions made therefrom.

finished and marketed product infringes defendant's claims in suit, it can ascertain from the samples of plaintiff's product already supplied whether such infringement exists. As I have already pointed out, this might not in itself be a sufficient reason to deny the request but, taken together with the other matters mentioned, it shows the unreasonableness of the request. Moreover, defendant's blanket request for the production of a great mass of documentary material calls for, among other things, a disclosure of plaintiff's manufacturing controls and its method of analysis, all of which, according to plaintiff, involves plaintiff's trade secrets. I think it clear, then, that this request should be denied.

■ Item No. 2. From Heckert's patent and his commentary thereon, as found in his deposition, it would appear that his invention is concerned with the removal of offensive odors and irritants from the thiocyanates. "Insecticidal activity" appears not to be germane to the matters in suit. In any event, if defendant thinks that such falls within the issues, it already has samples of plaintiff's product and can make examination of the same in order to support its position. This last reason may not be sufficient of itself to deny the request, but it does re-enforce my conclusion that the matters requested are not germane to the issues.

■ Items Nos. 3 and 4. The court deems it inadvisable to fix the scope of defendant's patent or to interpret its claims on a motion for production of documents under Rule 34. Whether the thiocyanate components of Thanite contain an aliphatic radical to which is attached a thiocyanate group and a negative group, and whether plaintiff's product does not contain aliphatic thiocyanate because it also contains an alicyclic radical as the dominant group, come close to deciding the case itself. The requests made hereunder should be denied.

■ Item No. 5. Thousands of orders and inquiries relating to Thanite have been received by plaintiff. To review all of these writings would require weeks of work by a number of clerks. If confusion exists in support of defendant's claim of trade-mark infringement, that which has occurred most recently is the more persuasive evidence. Hence, plaintiff's offer to turn over a number of documents containing various misspellings of the word Thanite, which it has received during the years 1943 and 1944 to date and which are representative of the types of misspellings which may be found among all such papers in plaintiff's entire files, is an adequate and reasonable compliance with defendant's request.

■ Item No. 6. The reasons given for the disposition of defendant's interrogatory 4(c) apply to defendant's request No. 6. If defendant desires to attack the inter partes test, it should do so by its own evidence, not attempt to pry into plaintiff's preparation for trial in this respect. Moreover, defendant will have the opportunity on cross-examination of plaintiff's witnesses to test its skills against the preliminary tests made by plaintiff for the inter partes test.

An order may be submitted in conformity with the above memorandum.