KENNAMETAL, Inc., v. AMERICAN CUTTING ALLOYS, Inc.

No. 606.

District Court, D. Delaware.

March 4, 1946.

William S. Potter (of Southerland, Berl & Potter), of Wilmington, Del., Clarence B. Des Jardins, of Cincinnati, Ohio, and Robert M. Zacharias, of Latrobe, Pa., for plaintiff.

Edwin D. Steel, Jr. (of Morris, Steel, Rodney, Nichols & Arsht), of Wilmington, Del., Carl F. Schaffer, of Toledo, Ohio, and Joseph O. Ollier, of New York City, for defendant.

LEAHY, District Judge.

This is a suit seeking a declaratory judgment of non-infringement and invalidity of certain of defendant's patents. Defendant moved under Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement or a bill of particulars of the matters averred in paragraphs 6, 10, 12, 14, 16, 18, 20, 22 and 23 of the complaint. Defendant argues it does not know what issues it must meet and is unable to prepare for trial on the basis of the information detailed in the complaint. Plaintiff, on the other hand, contends the detail in the complaint is adequate to inform the defendant of the issues which it must meet and, moreover, the information which defendant seeks is of an evidentiary nature and.is not proper under Rule 12(e); and further that much of the information sought is within the knowledge of defendant. Plaintiff further argues if defendant's motion is granted the consequent burden imposed on plaintiff in producing such evidence would be enormous. Before considering the complaint paragraphs seriatim I shall pause briefly to discuss the law applicable to the disposition of such a motion.

■ It is unnecessary to discuss the great number of authorities bearing on Rule 12(e) for I have already considered the problem raised by this portion of the rule in Best Foods, Inc. v. General Mills, D.C., 3 F.R.D. 275, 278. There, I held a plaintiff should not be required to produce data of an evidentiary nature in response to a motion under Rule 12(e) and that relief under 12(e) "should be limited to allegations in a complaint which are so ambiguous that a defendant is unable to determine the issues he must meet." Defendant, as a corollary to the rule of Best Foods, Inc. v. General Mills, supra, may acquire the evidence which it needs to prepare for trial through the various discovery procedures provided for in the Rules; provided, of course, that the information

sought is relevant to the issues.[1] See Hercules Powder Co. v. Rohm & Haas Co., D.C., 4 F.R.D. 452. The question, then, is whether the stated paragraphs of the complaint are so ambiguous that defendant can not determine the issues it must meet.

The theory of the complaint for declaratory judgment with respect to defendant's Schwarzkopf United States Patents Nos. Re 22,207, Re 22,166, Re 22,073, Re 22,074, 2,246,387, 2,265,010, 2,356,009, is that these patents either have not been infringed by the hard carbide composition made and the methods used by plaintiff and its predecessor, McKenna Metals Company, or are invalid and void. Paragraphs 5 and 6 of the complaint describe the hard carbide composition made by plaintiff and its predecessor and the method used by them in the production of such hard carbide composition. These two paragraphs set forth the composition and methods on which the declaratory judgment of non-infringement is to be based. The complaint also states (paragraph 7) that plaintiff and its predecessor, McKenna Metals Company, have made and sold no hard carbide compositions other than those specified in paragraphs 5 and 6 and have used no methods or processes for making hard carbide compositions other than those specified in such paragraphs. Another paragraph (paragraph 8 of the complaint) sets forth the ownership of the specified Schwarzkopf patents by the defendant. It is further alleged (paragraphs 24, 25 and 26) that a controversy exists between plaintiff and defendant as to the validity and infringement of said Schwarzkopf patents as a result of defendant's giving notice to the United States government charging infringement of said patents.

█ Before stating that the motion of defendant should be denied, the complaint paragraphs will be discussed in order.

No. 1. Paragraph 6 of the complaint. A more narrow range of percentages of each element in each of the five grades of materials sold by plaintiff is sought. The request will be denied. Defendant has not pointed to any claims in its patents which cover specific or narrow percentage ranges. Moreover, p. 2 of the Navy letter (attached to defendant's main brief) shows defendant must have had knowledge of the extent and the materials used by plaintiff in the alleged infringement. Plaintiff has in paragraph 6 stated the materials, the elements thereof and method. This is sufficient for purpose of pleading. All else would be evidentiary matter.

No. 2. Paragraphs 10, 12, 14, 16, 18, 20 and 22 of the complaint. These are allegations of invalidity of defendant's patents. Specific reasons are assigned. Defendant objects to plaintiff's use of the words "among others", arguing that once having indulged in specific reasons plaintiff should not be permitted to bring forth "other" reasons of invalidity at trial or immediately prior thereto. The sought particulars here are rejected. Plaintiff at argument stated that if the occasion should arise where it wants to assign additional reasons for invalidity, it will give defendant ample notice of its intention. Moreover, plaintiff, at this time, should not be restricted to what it will prove at the trial.

No. 7. Paragraphs 10(f), 12(c) and 14(h) of the complaint. This is the same as No. 2. above. Instead of other reasons for invalidity we are concerned with additional references to the prior art. The same ruling will be had for the same reasons.

No. 3. Paragraphs 10(a) and 12(q) of the complaint. There is no need for plaintiff to specify claims. This information should be in defendant's possession. Plaintiff should not be required likewise to specify what it means by a "broad claim." This calls for an argument as to why plaintiff believes the re-issue patent broadens claims.

No. 4. Paragraphs 10(b), 12(b), 14(b) and 16(a) of the complaint. Defendant wants to know what new matter is contained in the re-issue patents. The way to acquire this knowledge is to read and compare the original and the re-issue patents. Further allegation by plaintiff would only result in argument of whether there has been a material and different disclosure.

[1] In this connection it should be observed that plaintiff's argument that the request for information would place an enormous burden upon it is wide of the mark. If necessary to resolve an ambiguity in the complaint or to produce evidence in response to a request for discovery of matter relevant to the issues, the burden must be met. (Though of course I am not passing on the matter now, it should be observed that requests for discovery are viewed liberally. Since it is provided that matter learned by discovery techniques need not be offered in evidence, great liberality in the scope of discovery has been allowed.)

No. 5. Paragraphs 19(d), 12(d), 14(d), 18(a) and 22(a) of the complaint.

No. 6. Paragraphs 10(e), 14(f) and 20(a) of the complaint.

No. 9. Paragraph 20(c) of the complaint.

Nos. 5, 6 and 9 may be treated together. Defendant wants to know what particular claims (there are 50 involved) plaintiff intends to rely on for attack. The answer to this one is short; at argument plaintiff stated that when it uses the words "the claims" it means just that. In short, plaintiff intends to attack all claims. As to patents Nos. '010 and '432 referred to in Request No. 9, plaintiff says that it is not a question of what claim it attacks. Its theory is that both the patents themselves are invalid, including therefore all the claims. The information sought can be obtained by a mere reading of the patents. If what defendant seeks is mere opinion, it is also objectionable as of an evidentiary nature, and it is not necessary to enable the defendant to answer the complaint.

No. 8. Paragraphs 18(d), 20(f) and 22(c) of the complaint. Plaintiff should not be required to give this information. This is simply a request of a detail of an evidentiary nature. The machinery is available to get this information as I suggested in the Best Foods case.

No. 10. Paragraph 23 of the complaint. The allegation of the complaint is that plaintiff and its predecessor have sold the steel cutting grades of hard carbide composition to customers, other than the United States government and its various contractors or subcontractors.[2] It would serve no purpose to require plaintiff to give the information sought. The identity of customers is immaterial; the material thing is the category into which the customers fit. Defendant certainly does not need this information relative to the identity of customers to enable it to answer the complaint. The machinery is available to get this information when, if ever, needed.

Let an order be submitted denying defendant's motion.

[2] Paragraph 10 of the motion is as follows: "10. As to Paragraph 23 of the Complaint, specify a customer or customers, if any, to whom plaintiff and its predecessor, McKenna Metals Company, allege to have sold hard carbide compositions of each of the grades specified in paragraph 6 of the Complaint, other than the United States Government and its various contractors or sub-contractors to whom plaint ff has sold for use in filling contracts with the United States Government."