### HANKE et al. v. MILWAUKEE ELECTRIC RY. & TRANSPORT CO.
### Civil Action No. 4438.

District Court, E. D. Wisconsin.
Oct. 15, 1947.

Kenneth Grubb, E. H. Borgeldt, and Arthur Wickham, of Quarles, Spence & Quarles, all of Milwaukee, Wis., for plaintiff.

Shaw, Muskat & Paulsen, by Van E. Wake, all of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

Plaintiffs, husband and wife, are residents of Minnesota, and defendant operates bus lines in the city of Milwaukee, Wisconsin. The complaint alleges that on October 6, 1946, plaintiff Lulu B. Hanke was seriously injured at the intersection of Wisconsin Avenue and Third Street in the city of Milwaukee by being struck by one of defendant's buses. It is plaintiff's claim that the operator of the bus was negligent in numerous respects.

Two motions are before the court for consideration. Plaintiffs move for the issuance of a subpoena duces tecum directed to Mortimer J. Thompson, general claims agent of defendant, requiring him to produce at the taking of his deposition:

"1. Signed statements obtained by the said Mortimer J. Thompson and/or by employes of the above named defendant under his direction, from witnesses to the accident which occurred on October 6, 1946, involving the above named plaintiffs and one of the buses of the above named defendant;

"2. Unsigned statements of other witnesses obtained by Mortimer J. Thompson and/or employes of the above named defendant under his supervision, also relating to the accident occurring October 6, 1946, involving the plaintiffs and a bus of the defendant;

"3. Memoranda of the information secured from any other witnesses whose oral statements were not reduced to writing, either signed or unsigned;

"4. A list of the names and addresses of other witnesses to the aforementioned accident, which names and addresses were obtained by the aforementioned Mortimer J. Thompson and/or by other employes of the defendant under his direction or supervision."

The defendant has moved, pursuant to Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a limitation of the scope of the pro-

posed examination of Thompson. Defendant submits the names and addresses of four witnesses, in addition to that of the bus driver whose adverse examination has already been taken upon behalf of the plaintiffs.

■ The deposition-discovery rules are to be accorded a broad and liberal treatment. They were recently given extended consideration in Hickman v. Taylor, 329 U.S. 495, at page 500, 67 S.Ct. 385, at page 388. The court there said: "The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. * * *" The court also said, 329 U.S. at page 507, 67 S.Ct. at page 392: "* * * No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. * * *"

Nevertheless, in the Hickman case opinion, the court recognized there were limitations which should be applied. The court said, 329 U.S. at page 507, 67 S.Ct. at page 392: "* * * But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."

The Supreme Court in the Hickman case, 329 U.S. at page 497, 67 S.Ct. at page 387, clearly indicates that the circumstances in each case must be carefully analyzed by the trial court, for it states:

"* * * It is not without reason that various safeguards have been established to preclude unwarranted excursions into the privacy of a man's work. At the same time, public policy supports reasonable and necessary inquiries. Properly to balance these competing interests is a delicate and difficult task."

The important circumstances of the case at bar are (1) whether the bus struck Mrs. Hanke or whether, as defendant claims, she walked into the side of the bus; and (2) whether the bus was proceeding on the south side of Wisconsin Avenue against the signal of the stoplight or, conversely, whether Mrs. Hanke was crossing Wisconsin Avenue with the green light.

At the time in question Mrs. Hanke was accompanied by her husband and two friends. The testimony of all three is undoubtedly available to the plaintiff. The plaintiffs have already adversely examined the bus driver. They now know the names and addresses of four additional witnesses, and undoubtedly plaintiffs' attorney will interview them prior to trial.

■ Plaintiffs' request that the general claims agent produce various documents was divided into four paragraphs. Paragraph 4 asks for a list of names and addresses of witnesses, and defendant has already submitted such list. The unsigned statements of witnesses asked for in Paragraph 2 and the memoranda of information secured from other witnesses as called for in Paragraph 3 need not be produced.

In the Hickman case, supra, 329 U.S. at page 512, 67 S.Ct. at page 394, the court said: "But as to oral statements made by witnesses to Fortenbaugh, whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production. * * *" The situation is identical in the case at bar. No sufficient showing for the necessity of the production of such documents has been made.

■ The situation as to the signed written statements in Thompson's possession is a closer question. Such statements are not privileged. The court in the Hickman case, supra, 329 U.S. at page 508, 67 S.Ct. at page 392, said in answer to such a claim. "* * * it suffices to note that the protective cloak of this (attorney-client) privilege does not extend to information which an attorney secures from a witness while

acting for his client in anticipation of litigation. * * *" If such information when obtained by an attorney is not privileged, surely the claim of privilege cannot be made when obtained by employees of defendant in the Claim Department even though the general claims agent happens to be an attorney at law.

In the Hickman case, supra, 329 U. S. at page 509, 67 S.Ct. at page 392, the court pointed out that the party seeking the production of statements of witnesses must make a showing for the necessity thereof or claim that the denial of such production would unduly prejudice the preparation of his case or cause hardship or injustice. In that case counsel for plaintiff stated he wanted the production of the oral and written statements to help prepare himself to examine witnesses, and to make sure that he had overlooked nothing, but the court held that the reasons advanced were an insufficient showing of necessity.

The only showing made by plaintiff in the case at bar is that the documents and materials are "necessary to enable the plaintiffs properly to prepare for the trial"; also that defendant has outstanding orders requiring the operators of its vehicles, in the event of accident, to obtain the names and addresses of witnesses, and that thereafter such witnesses are interviewed and their statements obtained, and that in the ordinary course of events such information is not available to claimants.

Under the showing here made, it should be sufficient for plaintiffs to examine the general claims agent of defendant and have him present, under oath, a list of the names and addresses of all fact witnesses known to him or other employees or agents of the defendant. Plaintiffs undoubtedly will then be able to obtain statements from such witnesses. If for some reason some witness should refuse to give a statement to the plaintiffs, the court would then order the production of any signed statement of such witness now in the possession of any employee, agent, or attorney of the defendant.

Defendant's counsel will prepare an order in accordance with this opinion.