## O'DONNELL v. BREUNINGER.

### Civ. A. No. 2581–49.

United States District Court
District of Columbia.

Aug. 11, 1949.

Lester Wood, Paul Lee Sweeny, Washington, D. C., for plaintiff.

John J. Wilson, Julian C. Hammack, Washington, D. C., for defendant.

KEECH, District Judge.

This matter is before the Court on a motion by the defendant under Rule 37(a), Federal Rules of Civil Procedure, 28 U.S. C.A., for an order to compel plaintiff to answer questions upon a discovery deposition, and a motion by plaintiff under Rule 30(b) for an order that certain matters shall not be inquired into by defendant, of plaintiff, upon the discovery deposition.

This is an action for alienation of affections and loss of consortium brought by a husband. Count 1 of the complaint alleges, in part, that during the summer of 1943 and continuing up to and including March 28, 1947, and subsequent thereto, the defendant, "by various and divers means, acts, and devices, and by continuous association and illicit conduct, influenced and persuaded plaintiff's wife to permanently desert and abandon the plaintiff and take up a residence separate and apart from the plaintiff * * *." Count 2 alleges, in part, under the same dates, that "the defendant * * * in divers ways, and by using various means and devices, by association and a continuous course of illicit conduct, wickedly, maliciously and intentionally enticed, allured and persuaded plaintiff's wife to permanently desert and abandon plaintiff * * *."

In the course of taking the deposition of plaintiff, the following question was put to him:

"Q. Mr. O'Donnell, have you any information regarding the question as to Mr. Breuninger and your wife have registered at the same hotel in Washington, or out of Washington, at any time, from the date of your marriage until today? A. I have information, yes.

"Q. What is that information? A. Through my attorneys. They investigated it."

Subsequently, the plaintiff stated, "The only information I have was through my attorneys in that regard." There was no further answer by the plaintiff, the deposition was suspended, and the motions here under consideration were filed.

■ Plaintiff contends the information sought is protected by attorney-client privilege, and defendant that it is not so privileged. Counsel for both plaintiff and defendant rely on the decision in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. From my reading of that case and interpretations of that decision by other courts, Cogdill v. T.V.A., D.C., 7 F.R.D. 411; Hanke v. Milwaukee Electric Ry. & Transport Co., D.C., 7 F.R.D. 540; Clark, Experience under the Amendments to the Federal Rules of Civil Procedure, 8 F.R.D. 497, 502, I find that case did not turn on the question of attorney-client privilege, but the court there stated that there is no absolute immunity from disclosure of information discovered by a lawyer in the course of his duties and that "the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." Hence, no immunity exists which enables a plaintiff to refuse to answer a material and relevant question of fact put by opposing counsel, merely on the ground

that his information came from or through his attorney. However, where a party makes more than an ordinary request for relevant, non-privileged facts in the possession of his adversaries or their counsel, he must make a proper showing of good cause, that is, of the necessity for production of the material or that denial of production will cause hardship or injustice.

Under Rule 8 a complaint may withstand a motion to dismiss even though it alleges conclusions of fact, the only requirements being that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment be "simple, concise, and direct." The opposing party, however, has the right, under Rule 12(e), to file a motion for a more definite statement if the pleading is so vague or ambiguous that he cannot reasonably be required to frame a responsive pleading.

Under Rule 26 either party has the right to take the testimony of any person, including a party, by deposition for the purpose of discovery or for use as evidence in the action, or for both purposes. As stated by the Supreme Court in Hickman v. Taylor, supra [329 U.S. 495, 67 S.Ct. 392], "the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Thus, each party is entitled to such facts as will permit him at the time of trial to be prepared to meet such evidence, and will prevent, so far as possible, his being taken by surprise with the possible necessity of requesting a continuance in order that he may fortify his position and get the true facts before the court. Proper application of the discovery procedure is important not only to the parties, but to the orderly and expeditious disposition of the court's business.

The allegations of the complaint, quoted above, that the alienation and loss of consortium were caused by "illicit conduct" of the defendant, indicate an intent to prove at the trial immoral acts by the defendant and plaintiff's wife, and are sufficiently broad to permit such evidence. In order for the defendant to be accorded a fair trial, it is necessary that he be apprised beforehand of the particulars of the charge which he is expected to meet. It is my view, therefore, that the defendant is entitled to know whether, and, if so, where and when, plaintiff intends to prove the defendant and plaintiff's wife did register at the same hotel in Washington or elsewhere, as the facts underlying plaintiff's conclusion of "illicit conduct."

Prior to the new rules the course which could have been properly pursued in this case would have been a motion for a bill of particulars, to which defendant would have been entitled.[1] Under the present rules, "Except where the pleadings are so vague or ambiguous as to preclude a fair understanding of the nature of the claims asserted or the relief sought, parties should resort to the methods provided by Rules 26 to 37 for securing detailed or particular information in regard to claims asserted against them, rather than the more cumbersome procedure under Rule 12(e)." Slusher v. Jones, et al., D.C., 3 F.R.D. 168, 169. See also, Kennametal, Inc., v. American Cutting Alloys, Inc., D.C., 5 F.R.D. 180.

Plaintiff argues "if defendant was at any hotel with plaintiff's wife, or if he was in another city, or other place with plaintiff's wife, then such information is peculiarly within the knowledge of the defendant, and there is no need or reason to permit defendant to ask the plaintiff what information the plaintiff has on those points." This contention is without merit. "The mere circumstance that the facts sought to be elicited are within the knowledge of the examining party does not con-

---

[1] Mehrhoff v. Mehrhoff, et al., C.C., 26 F. 13, 15; Buermann v. Morris, 152 A. 341, 8 N.J.Misc. 811; Tilton v. Beecher, 59 N.Y. 176, 184, 17 Am.Rep. 337.

248

stitute any reason to deny the privilege of taking depositions." Holtzoff, "New Federal Procedure and the Courts," p. 73–74.[2]

The only limitations on the scope of examination on a discovery deposition are, first, that it must deal with a topic which is relevant to the subject matter involved in the pending action, and, second, that the deponent may not be examined regarding any privileged matter. The question here involved is certainly relevant to the issue of "illicit conduct", and clearly falls outside the scope of attorney-client privilege. Even if the information sought could be considered part of the so-called "work product of the lawyer," necessity is shown for requiring plaintiff to respond to the question put.

The motion of the defendant to compel plaintiff to answer is granted, and the motion of plaintiff for an order that certain matters shall not be inquired into by defendant, of plaintiff, upon discovery deposition is denied. Counsel will present appropriate order.

[2] Benevento, et al., v. A. & P. Food Stores, Inc., D.C., 26 F.Supp. 424; Samuel Goldwyn, Inc., v. United Artists Corp., D.C., 35 F.Supp. 633, 638; Civil Aeronautics Board v. Canadian Colonial Airways, D.C., 41 F.Supp. 1006, 1008.