## TOWER v. SOUTHERN PACIFIC CO.
### No. 29875.

United States District Court
N. D. California, S. D.

March 5, 1951.

Herbert O. Hepperle, San Francisco, Cal., for plaintiff.

A. B. Dunne and Dunne, Dunne & Phelps, all of San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff Seymour O. Tower has moved this Court for an order on discovery and for the production of documents under Rule 34 Fed.Rules Civ.Proc., 28 U.S.C.A. The complaint is grounded on the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., as well as the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq. It is alleged that the plaintiff was injured in the course of his employment while engaged in releasing a hand brake. Demand is made for the production of statements of witnesses, taken in accordance with company rules on forms provided therefor; photographs in possession and control of defendant company; records of inspection; plaintiff's earnings record with the defendant; reports of physicians and surgeons; and a map of the area of the accident.

Defendant resists the motion upon the ground that "good cause" has not been shown.

The court has reviewed the current authorities, particularly the case of Alltmont v. United States, 3 Cir., 177 F.2d 971. We have concluded that the affidavit filed herein in support of the motion by Herbert O. Hepperle, one of the attorneys for the plaintiff, shows and demonstrates "good cause." Paraphrasing the affidavit, it appears that the plaintiff was hospitalized immediately after the accident and was at that time concerned with his injuries rather than a search for witnesses; that he had no idea that a law suit or the services of an attorney would be necessary to obtain compensation for his injuries. On the con-

trary, it is asserted, representations and statements were made to him by defendant, through its agents, which led and caused him to believe that there might be a settlement of his claim.

Subsequently, on July 6, 1950, *nine months after the accident,* plaintiff found it necessary to file suit and at that time was required to assemble proof of defendant's negligence and violation of the Safety Appliance Act.

It is further asserted in the affidavit, and not denied, that the rules of the defendant require that investigations be made of accidents and injuries and that its employees make a report regarding the circumstances leading up to and causing accidents; that such statements were taken by its officials and employees; that plaintiff was hospitalized at the Southern Pacific General Hospital and that said hospital has made statements in writing to the defendant concerning the injuries, care and prognosis of plaintiff.

Defendant has not filed herein a counter-affidavit, nor has defendant denied the averments of the moving party's affidavit. Defendant railroad company contents itself with the suggestion that Rule 34 requires it to supply to plaintiff only the names of the witnesses interviewed thus far and also a plat of the area. Such, of course, would not be within the spirit and purpose of the rule, under the circumstances related in the affidavit.

■ We are mindful of the statements made in several of the reported decisions that counsel should not be permitted to avail themselves of the industry of the other side and merely by a general request receive the benefits of the work-product of the investigators, agents and servants of the defendant railroad company. However, when, as it appears in the case at bar, the statements are made under company rules and on forms provided therefor, it seems unfair that plaintiff's counsel should not have a copy thereof, particularly when, as it appears, plaintiff may have been lulled into a state of security.

The quest, as I see it in a case of this kind, is for the ascertainment of the truth,

and defendant company is in a position to, and should, provide a litigant situated as plaintiff with the benefits not only of the names of witnesses, but also of any statements taken under the company rules, particularly as they may bear upon safe equipment and appliances under the control of the railroad company.

Accordingly, the motion is granted, plaintiff to prepare order herein consistent with the foregoing.