**OVERLY et al. v. HALL–NEAL FURNACE CO., Inc.**

Civ. No. 6553.

United States District Court
N. D. Ohio, W. D.

Dec. 5, 1951.

Shumaker, Loop, Kendrick & Winn, Toledo, Ohio, W. E. Knepper, Columbus, Ohio, Julius Long, Bellefontaine, Ohio, for plaintiffs.

Bentley, Cory, Boesel & Leonard, Lima, Ohio, Wayne Stichter, Toledo, Ohio, for defendant.

KLOEB, District Judge.

On May 9, 1951, plaintiffs, Earl B. Overly and The Fidelity and Casualty Company of New York, filed their complaint in this Court, in which it is charged that Mr. Overly sustained certain personal injuries through the negligence of one John E. Tobin as a result of an automobile collision in which Mr. Tobin met his death. Plaintiff, The Fidelity and Casualty Company of New York, carried collision insurance on the vehicle driven by Overly.

On July 20, the defendant company, which is alleged to have been the employer of John E. Tobin, filed its answer, in which it says, among other things, that Tobin was the owner and operator of the automobile involved in the collision and that he was not at the time the agent and servant of the defendant serving in the course of his employment.

On August 6, plaintiffs filed their request for admissions under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and, in addition thereto, propounded eleven interrogatories under the provisions of Rule 33. On October 3, defendant responded fully to each of the six requests for admissions and, on the same day, filed its answer to each of the eleven interrogatories, including interrogatory No. 1, which reads as follows: "State the names and addresses of all persons known to said corporation or known to any officer, employee, agent, attorney or other representative of it or of its insurer, who were witnesses to the collision described in the complaint or who have knowledge of any relevant facts with reference thereto."

In its answer to this interrogatory, defendant gave fifteen names and addresses for the information of plaintiffs.

Under date of October 10, plaintiffs propounded ten additional interrogatories of the defendant under the provisions of Rule 33 and, under date of October 25, defendant filed its answers to each of these interrogatories. All answers to requested admissions and interrogatories appear to have been fully and freely given by the defendant.

Defendant's motion to quash subpoena has attached to it a copy of the subpoena which is directed to one John Mager, Claims Manager, State Automobile Mutual Insurance Company, 518 East Broad Street, Columbus, Ohio, and which commands him to appear at a time and place designated "and bring with you all documents, papers, records, photographs and other instruments and paper writings of every kind and character relating to a collision which occurred on or about September 12, 1950, * * *."

Defendant and John Mager move the Court for an order quashing the subpoena on the ground that it is unreasonable and oppressive, and, in the alternative, to modify the subpoena to the extent necessary to relieve the said John Mager from the necessity of producing at said deposition its investigation file and the various records constituting the same, and particularly the statement of Earl B. Overly.

In defendant's motion filed October 19 it recites that defendant and John Mager represent that the State Automobile Mutual Insurance Company is an insurer of the Tobin automobile, and that said insurance company and its attorneys made an investigation of the accident; that the taking of the deposition of Mager and the production of the papers described in the subpoena is unreasonable and oppressive and they pray that the deposition shall not be taken or that the investigation made be not inquired into or that the scope of the examination of Mager be limited to matters other than the investigation conducted by defendant, its officers, agents, representatives, attorneys and its insurer.

Counsel for plaintiffs cite the case of Lindsay v. Prince, D.C., 8 F.R.D. 233, an opinion by this Court, as authority for the demands in their subpoena duces tecum.

The Court calls attention to the fact that in Lindsay v. Prince the defendant filed his motions under Rule 34 of the Federal Rules of Civil Procedure, and that the circumstances surrounding the granting of those motions were entirely different than those found in the present case. Good cause was shown in Lindsay v. Prince for the granting of the motions and quite obviously, in the interest of justice, the defendant was entitled to the relief granted.

Plaintiffs rely on Viront v. Wheeling & Lake Erie Ry. Co. (Larson v. Wheeling & Lake Erie Ry. Co.) D.C., 10 F.R.D. 45, which is a decision by Judge Jones of the Eastern Division of Northern Ohio, made under a motion filed by plaintiffs in accordance with the provisions of Rule 34, F.R.C.P., and in which it is quite apparent that good cause was shown for the granting thereof.

Plaintiffs also rely on Hayman v. Pullman Co., D.C., 8 F.R.D. 238, a decision by Judge Freed of the Eastern Division of the Northern District of Ohio, in which he required a certain interrogatory to be answered by the defendant and to which it had offered its objections. The interrogatory (No. 5) asks for certain designated documents to which it is quite apparent the plaintiff was entitled.

In the present case, the defendant has complied with all of the requests made by plaintiffs by way of requests for admissions and by way of interrogatories. Plaintiffs now adopt the unusual course of seeking to take the deposition of the Claims Manager of the alleged insurance carrier of the defendant company and of requiring the manager to produce his files and disclose the fruits of his labor to plaintiffs, thereby circumventing the requirements of Rule 34 to show good cause for the production, inspection and copying or photographing of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which the defendant may have in its possession.

114

There is no showing that plaintiffs have interviewed, or have attempted to interview, any one of the fifteen witnesses disclosed by defendant or that they have been rebuffed or frustrated in any way by any of these witnesses.

The Court is unwilling to encourage a practice of this kind by overruling the motions of the defendant, because there is no showing up to this point that plaintiffs cannot discover, through their own diligence, the results which they are evidently attempting to attain by making use of the work product of the defendant. Diligence upon the part of both parties to a suit ought to be encouraged rather than discouraged.

If plaintiffs are of the opinion that there is some particular document or papers or records or photographs that they are in need of and are being deprived of, and are justly entitled to, and which are not privileged, then they may file their motion under the provisions of Rule 34, F.R.C.P. and, upon showing good cause therefor, may receive the consideration of the Court.

The motion to quash the subpoena duces tecum is sustained, and paragraph 3(a) of the "Motion that deposition be not taken" is sustained.

An order is drawn accordingly.