### GOLDNER v. CHICAGO & N. W. RY. SYSTEM.

No. 50 C 1676.

United States District Court, N. D. Illinois, E. D.

Nov. 24, 1952.

8. Note 2, supra.

9. 124 F.2d at page 566.

James A. Dooley, Chicago, Ill., Philip H. Corboy, Chicago, Ill., for plaintiff.

Lowell Hastings, Drennan J. Slater and Edgar Vanneman, Jr., Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is an action to recover damages for personal injuries which plaintiff alleges were incurred as a result of defendant's negligence. The matter is now before the court on two of plaintiff's pre-trial motions, each of which requires a determination of the limits within which plaintiff may properly employ certain discovery devices prescribed by the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff's first motion is brought under Rule 34, which provides:

"Upon motion of any party showing good cause therefor and upon notice to all other parties * * * the court in which an action is pending may (1) order any party to produce * * any designated documents * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *."

Plaintiff asks that defendant be ordered to produce "Any and all true copies of written statements obtained by said defendant from any and all of the witnesses having pertinent or relevant information concerning this lawsuit."

In order to show good cause, as required by Rule 34, plaintiff's counsel submitted an affidavit, wherein he states:

"* * * that he has been informed that defendant's claim agents have taken statements from employees and others; that defendant has denied all the charges made and that these statements will no doubt throw some light on the facts in issue. Affiant states that for a proper presentation of plaintiff's case, it is necessary that he have this discovery and inspection. He claims this right on behalf of Plaintiff under Rule 34 * * *."

The affidavit fails to allege facts which would substantiate plaintiff's claim that production of the statements is "necessary", and that the statements will "throw some light on the facts in issue." However, plaintiff's brief filed in support of his motion for production contains several allegations which, in plaintiff's opinion, do support the conclusions recited in his affidavit. In disposing of plaintiff's motion, the court shall consider all such allegations.

Plaintiff contends that while he was standing in a path alongside defendant's railroad tracks, he was struck by one of defendant's trains; that he was subsequently confined to a hospital for a period in excess of five weeks; that while he was so confined, the defendant took statements from some of its employees and other witnesses to the accident; and that while he was so confined, he was not represented by counsel, and therefore unable to conduct his own investigation of the accident. On the basis of these allegations, plaintiff asks that the court order the production of all said statements taken from defendant's employees and other witnesses.

In response to an interrogatory propounded by plaintiff, defendant supplied the names of eleven witnesses to the accident, and presumably, the statements which plaintiff now seeks were taken by defendant from these named witnesses.

There is no indication that plaintiff interviewed, or even attempted to interview, any of said witnesses before he filed the instant motion for production. However, in a brief in support of a second motion, filed less than six weeks after the filing of this motion for production, the plaintiff states:

> "The defendant has resisted plaintiff's attempts to acquire certain statements taken of employees and others on the basis that we have not shown good cause as required under Rule 34 * * *. As one of its primary objections to providing us with those statements, the railroad contended that we had not heretofore attempted to take the depositions of any of the witnesses involved. Since the filing of the briefs on that motion, we have taken the depositions of seven available witnesses, all of whom were employees of the defendant. It is conceded at this time that any information that might have been necessary * * * is no longer necessary, and in fact, the issue concerning those statements is now moot with reference to those witnesses whose depositions we have already taken."

As this statement indicates, plaintiff could have obtained, and did in fact obtain, much of the desired information without recourse to the discovery technique provided in Rule 34. However, the court assumes that plaintiff still seeks production of those statements containing information which plaintiff has not yet obtained by independent investigation. Therefore, the court shall discuss the soundness of plaintiff's position with respect to those remaining statements; and the court trusts that its discussion will reveal why plaintiff's motion would have been denied in its entirety if much of the matter raised by said motion were not now moot.

Rule 34 places upon the moving party the burden of showing good cause for ordering the production of documents. Of course, the nature of this burden cannot be defined precisely, for "good cause" is necessarily an elastic term, and it must be defined and applied according to the circumstances surrounding each case. However, in cases involving the production of statements of witnesses, the courts have disagreed on even a rough definition of good cause. After an analysis of these cases, Professor Moore discerns the evolution of two distinct constructions of the term. 4 Moore's Federal Practice (2d ed.) § 34.08. The more liberal construction of good cause, according to Moore, is expressed in De Bruce v. Pennsylvania R. Co., D.C. Pa., 1947, 6 F.R.D. 403. In the opinion of the De Bruce Court, a defendant may be ordered to produce statements of witnesses if such statements were taken immediately after the accident occurred, if the plaintiff was unable to take the statements himself before the commencement of the suit, and if the accident had occurred a considerable time before the filing of the motion for production. A second, and "narrow" construction is expressed in Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971, 978, wherein the court stated that under Rule 34, a moving party

> "* * * must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case."

Numerous cases can be cited to illustrate the differences between these two constructions of Rule 34. See, for example, Tower v. Southern Pacific Co., D.C.Calif., 1951, 11 F.R.D. 174 and Thomas v. Pennsylvania R. Co., D.C.N.Y., 1947, 7 F.R.D. 610, which reach the same result as the De Bruce Court; and Reeves v. Pennsylvania R. Co.,

D.C.Del., 1949, 8 F.R.D. 616 and Hanke v. Milwaukee Electric Ry. & Transport Co., D.C.Wis., 1947, 7 F.R.D. 540, which are in accord with the Alltmont decision.

█ It is important to note, however, that there are certain principles in this field upon which all courts agree. Moore points out that "All courts agree that production should be allowed where it is shown that the statements may contain information which is not otherwise available to the moving party, as where the witnesses cannot be found or refuse to give information." It is the opinion of this court that the converse of that principle is also a sound rule of law. That is, production should *not* be allowed where the witnesses may be found, and where the witnesses offer the desired information. In any event, production should not be allowed before the moving party has shown a bona fide attempt to obtain the information by independant investigation.

The soundness of this position is illustrated most effectively by the sequence' of events in the instant case. Plaintiff admittedly obtained his information without the help of opposing counsel; but a short time ago, plaintiff argued that an examination of "any and all" statements taken by opposing counsel was necessary for a proper preparation of his case. Such an examination was certainly not contemplated by the drafters of Rule 34. In the words of Mr. Justice Jackson, "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." Hickman v. Taylor, 1947, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451. .

Plaintiff's second motion asks the court to order that the deposition of a court reporter be taken. This reporter, at defendant's direction, took shorthand notes while defendant's attorney questioned plaintiff. The notes were later transcribed into a formal statement. Plaintiff was confined to a hospital during this interview, and was not represented by counsel.

█ It is apparent that plaintiff seeks to question the reporter about the contents of the statement taken during the hospital interview. This second motion is therefore an attempt to obtain indirectly certain information similar to that which plaintiff sought to obtain directly through his first motion. This is certainly an improper use of the Federal Rules. If plaintiff's motion were granted, he might obtain substantially all the information contained in the statement without first showing good cause, as he would be required to do if he had proceeded under Rule 34. It is therefore the opinion of the court that plaintiff should identify the statement which contains the desired information, and then move directly for its production. Plaintiff's motion that the court order the taking of the reporter's deposition must be denied. Sagorsky v. Malyon, D.C.N.Y., 1952, 12 F.R.D. 486; Overly v. Hall-Neal Furnace Co., D.C.Ohio, 1951, 12 F.R.D. 112.

█ Parenthetically, the court notes that on the basis of the facts alleged in plaintiff's brief, plaintiff is entitled to an inspection of his own statement. As stated above, the statement was taken during a period of hospital confinement, and plaintiff was not yet represented by counsel. Plaintiff's counsel should now be advised of any admissions which plaintiff's statement may contain. However, this court is unwilling to order production of the statement on its own motion, for such an order is not contemplated by the Federal Rules. Moreover, plaintiff has not adequately identified the statement. Plaintiff is therefore advised to proceed to obtain this statement in the manner provided in Rule 34.

For the reasons stated in this memorandum, plaintiff's motion for an order to compel defendant to produce copies of statements obtained from any and all witnesses, insofar as said motion is not moot, is hereby denied.

Plaintiff's motion for the setting of a day certain for the taking of the deposition of Melvin Hindmarch is hereby denied.