## SZUBINSKI
### v.
## COMMERCIAL SASH & DOOR CO.
No. 53 C 654.

United States District Court
N. D. Illinois.
Oct. 7, 1953.

Edward Jacobs and Leo F. Radzienda, Chicago, Ill., for plaintiff.

Turner, Hunt & De Bolt, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

This is a suit under the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 201 et seq., for failure to pay time and a half for work in excess of forty hours a week.

The complaint alleges that the defendant was engaged in interstate commerce and that the plaintiff was employed from March 21, 1951, to March 6, 1953, as a watchman of interstate goods. The complaint also alleges that the plaintiff is unable to determine the exact amount due him because all time records are in the possession of the defendant.

The plaintiff has moved for the production of documents and the inspection of the premises under Fed.Rules Civ. Proc. Rule 34, 28 U.S.C. The motion is extremely general and includes, in addition to the time records, all ledgers, sales registers and other books of account, and all insurance policies, vouchers and cancelled checks. The complaint is not verified, and although the plaintiff's brief states that an affidavit is attached as Exhibit A setting forth that all records are in the custody of the defendant, no such affidavit appears in the file.

There is no showing of a factual basis for the invocation of Rule 34 other than what appears on the face of the pleadings.

It is essential to comply with the following requirements in order to make Rule 34 applicable:

(a) Good cause must be shown.

(b) The material must be sufficiently designated.

(c) The material must not be privileged.

(d) The material must be relevant within the terms of the rule.

From the inherent content of Rule 34, as well as from other sections of the rules, such as Rule 30(b), which provides for the limitation of examination upon depositions for the protection of the parties and the deponents, it is obvious that the rules were not intended to sanction promiscuous exploration of the files and records of an opposing party.

There are only two issues on which an examination of the defendant's files might be helpful to the plaintiff:

(1) The examination of the time records and pay received by the plaintiff; and

(2) Evidence that the plaintiff's employment was associated with interstate commerce so as to render the Act available to him.

Notwithstanding that there are no sworn facts establishing that it is essential to examine the defendant's records to ascertain the time and wages paid the plaintiff, one's general knowledge of business practices would make it evident that this was so, and therefore the plaintiff might be permitted to examine the records establishing the hours worked and the pay received by the plaintiff.

It is, of course, likely that the books and records of the defendant would establish whether the defendant was engaged in interstate commerce, but this is not the sole means of doing so. The fact could be established by the oral interrogation of the defendant's officers and employees, and there is no showing that the plaintiff has made such an effort

and failed. The high privilege of inspecting the private records of an adversary is not to be lightly accorded. As stated by Judge Campbell in Goldner v. Chicago & N. W. Ry. System, D.C.Ill. 1952, 13 F.R.D. 326, 329:

> "It is the opinion of this court that the converse of that principle is also a sound rule of law. That is, production should not be allowed where the witnesses may be found, and where the witnesses offer the desired information. In any event, production should not be allowed before the moving party has shown a *bona fide* attempt to obtain the information by independent investigation."

The motion of the plaintiff will be denied except with respect to such original records as may indicate the hours worked and payments received by the plaintiff. Counsel for the defendant will kindly prepare a draft order in keeping with the views herein expressed.