**BENEVENTO et al. v. A. & P. FOOD STORES, Inc.**

No. 59.

District Court, E. D. New York.

Jan. 14, 1939.

George E. Schecter, of New York City, for plaintiffs.

James E. Turner, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

The plaintiff, Emma Benevento, in the complaint claims damages which she sustained by reason of the negligence of the defendant. The complaint alleges that the plaintiff Emma Benevento did partake of some sugar, in which there was a mixture of glass, which she had purchased from the defendant on or about July 9, 1938. The other plaintiff, George Benevento, the husband of Emma Benevento, sues for loss of services.

The plaintiffs seek to examine the defendant by its manager or employee in charge of the store where the sugar was purchased on the following matter: "Whether any other complaints or accidents arose out of the sale of the sugar from the same container or bag, together with all other facts and circumstances surrounding the said accident."

Knowledge of the facts by the plaintiff concerning which the defendant is to be examined before the trial under Rule 30 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, does not justify a refusal of such examination of the defendant by the plaintiff. It cannot be regarded as a valid objection that the party seeking the examination has knowledge of the facts upon which the examination is to be had. The test whether an examination before trial shall be permitted is, whether or not the testimony would be admissable upon the trial of the action.

The plaintiffs will be permitted to proceed with the examination of the defendant.

Settle order on notice.