## GOLDBERG v. RALEIGH MANUFACTURERS, Inc.

No. 240.

District Court, D. Massachusetts.

July 25, 1939.

Berger & Spinoza, of Boston, Mass., for plaintiff.

Laurence R. Cohen, Laurence Mason, and Mason, Kelleher & Cohen, all of Boston, Mass., for defendant.

FORD, District Judge.

The plaintiff, on July 22, 1939, filed a motion in the above entitled case, presumably pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, that he be not required to submit to the taking of a deposition upon oral examination and assigned as the reasons therefor, the following:

"1. The plaintiff objects to the taking of such deposition on the ground that the defendant's request is too broad in its scope and places no limit upon the extent to which such oral examination might be carried.

"2. That the defendant can obtain by written interrogatories sufficient information to make the taking of such deposition unnecessary.

"3. That the taking of such oral deposition will inconvenience and hinder the plaintiff unnecessarily in the transaction of his usual business."

Although there is no requirement present in Rule 30(a) compelling the party desiring to take a deposition to state the matters upon which the examination is to be made, yet Rule 26(b) limits the examination to "any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *" unless otherwise ordered by the Court under the provisions of Rule 30(b). No showing has been made by the plaintiff that the defendant intends to go outside the scope and nothing has been offered by the plaintiff to induce the Court to limit the examination to certain matters within the permitted scope.

I do not regard the second contention as sound, inasmuch as it has long been recognized that there are far greater advantages in obtaining the facts and circumstances involved in a confronting examination than in a written one. The as-

sertion that the defendant can obtain sufficient information in a written examination in order adequately to defend the present suit is a matter I have no means here of determining even if it were within my province to do so. It is the right of the interrogating party to determine which method of examination would provide sufficient information in order that a suit might be properly defended (Rule 26(a) and ample safeguards for the protection of parties and deponents are provided in Rule 30(b), (d) in the taking of this type of deposition.

The third objection is overruled because the plaintiff has failed to show that he would be subjected to "annoyance, embarrassment, or oppression" referred to in Rule 30(b). The mere fact that the plaintiff would be required to attend the examination and thereby absent himself from some of his usual business affairs during the taking of a deposition is utterly insufficient to justify the Court in ruling that he is being annoyed, embarrassed, or oppressed, within the meaning of this language. Something far beyond this is required in this connection to grant a party relief.

The motion must be denied.