### SAMUEL GOLDWYN, Inc., et al. v. UNITED ARTISTS CORPORATION et al.

District Court, S. D. New York.

July 3, 1940.

634

Max D. Steuer, of New York City (Max D. Steuer and Henry Klein, both of New York City, of counsel), for plaintiffs.

O'Brien, Driscoll & Raftery, of New York City (Edward C. Raftery and Milton M. Rosenbloom, both of New York City, of counsel), for defendant United Artists Corporation.

Schwartz & Frohlich, of New York City (Louis D. Frohlich and Herman Finkelstein, both of New York City, of counsel), for defendants London Film Productions, Limited, and Alexander Korda.

LEIBELL, District Judge.

Three motions were made herein and submitted together. (A) Defendant United Artists moved, in the alternative, that the plaintiffs be required to separately state and number three alleged causes of action, or, that certain specified matter be stricken from the complaint, or for a bill of particulars in respect to certain enumerated paragraphs of the complaint. (B) Defendants London Film and Alexander Korda moved for a dismissal of the complaint as to them. (C) The plaintiffs moved, before issue joined, pursuant to Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave to take the depositions of Alexander Korda, and of London Film, Limited, by Alexander Korda, as adverse parties and/or witnesses, and of Alexander Korda Film Productions, Limited, by Alexander Korda as a witness.

The present action was filed in this court February 15, 1940. A somewhat similar suit was commenced in the United States District Court for the District of Delaware on April 11, 1939, in which the same plaintiffs sued United Artists Corporation and sought a declaratory judgment (1) that said defendant had breached the provisions of a certain "inducing contract" between Goldwyn, Inc., and United Artists by permitting modification, without the consent of Goldwyn, Inc., of a distribution contract between United and London Film and with The Elton Corporation, and by waiving strict performance by London Film and Korda of provisions of a distribution contract between United and London Film and Korda; (2) that plaintiffs' contracts of distribution and guarantee with United Artists be declared terminated by reason of the aforementioned alleged breaches of the "inducing contract" by United Artists; and (3) that judgment for an accounting

between the parties be decreed. London Film and Korda were not made parties to the Delaware suit and on motion of the defendant the District Judge dismissed the complaint because of the absence of necessary parties, whose rights would be adjudicated by a declaratory judgment. On appeal the Circuit Court of Appeals for the Third Circuit reversed the order of the Delaware District Court and held that London Film and Korda were neither necessary nor proper parties, in fact, that "they can be made neither parties plaintiff or defendant." See opinion filed June 29, 1940, in Samuel Goldwyn, Inc., and Samuel Goldwyn v. United Artists Corporation, 3 Cir., 113 F.2d 703, 707. In its opinion the Circuit Court of Appeals thoroughly discussed and explained the various contracts and the relation of the parties thereto. I quote from the opinion as follows:

"The appellee, United Artists Corporation, on September 2, 1935, entered into a distribution contract with London Film Productions Limited, an English producing corporation, and with Alexander Korda, a motion picture director and a resident of London, England. The contents of this contract need not be detailed here. It is sufficient to state that it provided for the purchase of a unit of common stock of United by Korda and London Film, and required London Film to deliver and United to accept from London Film for distribution and to distribute a certain number of films produced, directed or supervised by Korda for a period of ten years commencing upon the date of the contract.

"On July 22, 1936, the appellant, Samuel Goldwyn, Inc., entered into a distribution contract with United, the performance of which by Goldwyn, Inc., was guaranteed by the appellant, Samuel Goldwyn, by a guarantee contract. Under the terms of this contract Goldwyn, Inc., was required to deliver and United was required to accept for distribution and to distribute a certain number of films, produced, directed and supervised by Goldwyn. It should be noted that the period of time covered by this contract was made coextensive with the distribution contract between United, London Film and Korda, to which we have just referred, the contract between Goldwyn, Inc., Goldwyn and United requiring the delivery of films and their acceptance for distribution for a period of ten years commencing as of September 12, 1935. The thirteenth paragraph of this contract provided that if United granted any other producer more favorable terms for the distribution of pictures than were granted to Goldwyn, Inc., by the contract, then the distribution contract between United and Goldwyn, Inc., should be deemed to be amended to the extent necessary to give Goldwyn, Inc., terms as favorable as those included in any other contract. However, before Goldwyn, Inc., and Goldwyn could be induced to enter with United into the contracts of distribution and guarantee another contract, known as the inducing contract, was required by Goldwyn, Inc., and Goldwyn to be executed by United. This inducing contract recites specifically that Goldwyn, Inc., is unwilling to enter into the distribution contract and Goldwyn individually is unwilling to enter into the guarantee contract unless the inducing contract be executed. It goes on to provide that United must enter into substantially identical distribution contracts with Pickford Corporation, The Elton Corporation, and with Charles Chaplin, these distribution contracts, other than the Chaplin contract (Chaplin acting as an individual and without the agency of a corporation) to be guaranteed as Goldwyn guaranteed the performance of Goldwyn, Inc., respectively by Mary Pickford and Douglas Fairbanks.

"The inducing contract specifically provided that United agreed that no amendment should be made or permitted in any of the provisions of the contracts of distribution except as provided in paragraph 13 of each or in the contracts of guarantee as entered into by United with Pickford Corporation, The Elton Corporation, London Film, Charles Chaplin, with Korda, Mary Pickford or Douglas Fairbanks, and that United would not waive the strict performance and observance of any of the provisions of the distribution and guarantee contracts referred to without in each instance obtaining first the express written consent of Pickford Corporation, The Elton Corporation, Charles Chaplin, Goldwyn, Inc., Mary Pickford, Douglas Fairbanks, and Samuel Goldwyn. The contemplated contracts of distribution and guarantee were actually entered into by United with the other corporations and individuals named in this paragraph, upon July 22, 1936, and Pickford Corporation, Samuel Goldwyn, Korda and London Film, The Elton Corporation and Charles Chaplin on July 22nd became and have remained the owners of all of the outstanding capital stock of United. Inducing contracts substantially similar to that between Goldwyn,

Inc., and United were entered into between United, Pickford Corporation, Mary Pickford, The Elton Corporation, Douglas Fairbanks, and Charles Chaplin, and at a later date United entered into an inducing contract also with London Film and Korda."

The complaint in the present action is quite voluminous and a number of exhibits are annexed to it. It contains certain new matter, and alleges additional breaches of contract on the part of United Artists, that plaintiffs served on United Artists a notice of termination of their contracts, and that United Artists notwithstanding such termination have hindered and interfered with plaintiffs' attempts to enter into distributing agreements with other motion picture distributors, particularly in regard to plaintiffs' picture "The Westerner". Plaintiffs seek to enjoin United Artists from interfering with the distribution of any pictures that plaintiffs may produce. They also seek an accounting for all monies due them under the distribution contract, and damages for wrongful interference with the attempted distribution of "The Westerner" by the plaintiff, Samuel Goldwyn, Inc.

A. United Artists moves under Rules 10(b) and 12(e) and (f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, (I) to have plaintiffs state separately and number their causes of action; (II) to strike matter from the complaint; and (III) for a bill of particulars.

I. I am of the opinion that the complaint pleads three claims or causes of action, which should be separately stated:

(1) An action for an injunction, restraining the defendant United Artists from interfering with the plaintiff corporation in the use, distribution and exhibition of motion picture photoplays which may be produced by it during the period from the date of the institution of the action up to September 2, 1945, the date when the distribution contract between plaintiff corporation and United Artists would, by its terms, expire. The injunction is sought because of United Artists' alleged wrongful conduct and continuing tortious acts—in refusing to recognize plaintiffs' notice of termination of said distribution contract, served in November, 1939, in notifying other large distributors that United Artists claims to be the sole distributor of plaintiff corporation's motion picture photoplays during the balance of the period of its distribution contract, and in threatening other distributors with litigation if they undertake to distribute any of plaintiff corporation's motion picture photoplays during the period of United Artists alleged exclusive distribution contract.

(2) An action based on the distribution contract, for an accounting by United Artists to plaintiff corporation of all moneys due said plaintiff under the so-called "most favored nation" clause of the distribution contract. In the sum thus to be accounted for there is included an item of $54,559.26 of such moneys.

(3) An action for damages, by reason of United Artists' alleged tort in wrongfully interfering with the attempted distribution by plaintiff corporation of its motion picture photoplay "The Westerner".

The allegations of the complaint and the prayer for relief show that there are these three claims or causes of action embedded in the one count in the complaint. They are not stated in separate counts as required by Rule 10(b). I am not unmindful of plaintiff's contention that the allegations as to the failure of United Artists to pay the amount due under the so-called "most favored nation" clause is pleaded (also) as an alleged breach of the distribution contract by United Artists which plaintiffs contend justified plaintiffs in giving notice of the termination of the contract and that said notice would make wrongful any interference by United Artists with plaintiff corporation's negotiations to get other distributors to take over for distribution plaintiff corporation's motion picture photoplays. These allegations are pertinent to the cause of action for an injunction. They may also be made properly a part of the statement of plaintiff corporation's claim for damages, by reason of United Artists alleged interference with the distribution of "The Westerner". However, in stating the three claims or causes of action in separate counts, plaintiffs may, by appropriate reference, incorporate in any one of the counts allegations from either or both of the other counts, as provided in Rule 10(c). Plaintiffs will serve an amended complaint within twenty days after the service of a copy of the order to be entered on this motion, with notice of entry.

II. In this part of its motion United Artists seeks to strike (a) paragraphs Eighth to Twelfth of the complaint. Rule 12(f), F.R.C.P. These paragraphs set forth certain provisions of the Cinemato-

graph Films Act of England which are alleged as inducing a contract, Exhibit A annexed to the complaint. A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied. Radtke Patents Corporation v. C. J. Tagliabue Mfg. Co., Inc., D.C., 31 F.Supp. 226. In my opinion the matter set forth in paragraphs Eighth to Twelfth may have a relation to the controversy and raise an issue on the trial. I am ruling on this part of United Artists' motion, although, as above indicated, plaintiffs will be required to serve an amended complaint.

United Artists also seeks to strike (b) certain legal conclusions from paragraphs Forty-Second, Forty-Third and Forty-Third (n). In those paragraphs the complaint describes the relationships between Samuel Goldwyn, Inc., and United Artists as a fiduciary one. The fact that the conclusions are those of law does not, in and of itself, warrant striking them. However, I think that such designation is improper. The whole contract between the parties is annexed to the complaint. Nowhere does it appear that United Artists assumed the rule of a fiduciary. A contract very similar to the one in the case at bar was interpreted by Judge Clancy in Hart v. United Artists Corp.,[1] S.D.N.Y. November 29th, 1937, affirmed (no opinion) 2 Cir., 96 F.2d 1017. Upon a motion to dismiss the complaint Judge Clancy reached the conclusion that the contract between the parties did not set up a fiduciary relationship. In my opinion there is no material difference between the contract in the Hart case and the one at bar. See, also, Thomson v. Batcheller, 134 App. Div. 506, 119 N.Y.S. 577, affirmed 201 N. Y. 551, 94 N.E. 619. I deem it appropriate to rule on this part of United Artists' motion, although plaintiffs are required to serve an amended complaint.

United Artists moves also to strike (c) paragraphs Forty-Fourth to Fifty-Second, inclusive, and Sixty-Fourth to Eightieth, inclusive. In view of what I have written on that part of the motion which seeks to have plaintiffs separately state and number their three causes of action, it would serve no useful purpose to rule on this part of the motion.

III. In the alternative, United Artists seeks a bill of particulars to enable it to prepare its responsive pleading or to prepare for trial. Rule 12(e). Such a motion should be sparingly used, and, in most instances, the information desired should be obtained under Rules 26, and 33 to 37. Brinley v. Lewis, D.C., 27 F. Supp. 313; Tully v. Howard, D.C., 27 F. Supp. 6. While it is true that the allegations in paragraph Forty-Third are quite general, I do not believe that they are so ambiguous and vague as to be incapable of answer. On the other hand, the particulars sought are most specific, the demand being more in the nature of proposed interrogatories. In my opinion the particulars should be sought by way of proposed interrogatories, under Rule 33. I am ruling on this portion of the motion so that it will be unnecessary to raise the point again if the allegations are repeated in the amended complaint.

B. Motion by Alexander Korda and London Film, Inc., to dismiss the complaint as to them. Apparently United Artists does not oppose this motion.

Alexander Korda and London Film, Inc., are joined as defendants in the complaint in this present action, as allegedly "proper parties", but no relief is demanded against them. I think the following quotations from the above-mentioned recent opinion of the Circuit Court of Appeals, Third Circuit, are appropriate:

"Applying these principles to the case at bar, we conclude that though the suit at bar is one in which a declaratory judgment is sought, none the less London Film, The Elton Corporation, Korda and Fairbanks are neither indispensable or necessary parties for there is no justiciable controversy between them or any of them and the appellants, nor would the legal interests of the absent parties be affected by an adjudication in the case at bar. As a matter of law the interests of the appellants and those of the absent parties are neither adverse nor similar in the legal sense. They can be made neither parties plaintiff or defendant. Specifically the interests of the appellants are not joint with those of the absent parties. A community of interest has been created by agreement, but the rights and obligations of the respective parties to the contracts are severable and the interests of the parties outside of their several and respective contracts

---

[1] No opinion for publication.

are not legal interests. Goldwyn, Inc., for example, cannot force United to bring a suit for breach of contract against London Film or Korda and thereby compel an adjudication of that issue. Such controversies are not justiciable or cognizable in any suit which might be brought by Goldwyn, Inc., or Goldwyn against London Film or Korda.

\* \* \* \* \*

"In the case at bar the absent parties possess no cognizable or justiciable legal interest which can be legally affected by an adjudication in the pending suit."

The motion of Korda and London Film to dismiss the complaint as to them is granted.

C. Plaintiffs' motion to take depositions.

■ Under Rule 26 examination may be had of any witness or party "regarding any matter, not privileged, which is relevant to the subject matter involved." Stankewicz v. Pillsbury Flour Mills Co., D.C., 26 F. Supp. 1003. This examination is sought by motion because issue has not yet been joined.

■ Alexander Korda is a resident of Great Britain, who is now in this country on business. His examination is sought, individually and also as an officer and director of London Film Productions, Limited, and of Alexander Korda Film Productions, Limited. The dismissal of the complaint as to Korda and London Film does not affect the right of plaintiff to examine them as witnesses. Korda's testimony may be both relevant and important. The question of the admissibility of such testimony, or any part thereof, should be left until the trial. Such an examination may be "for the purpose of discovery or for use as evidence in the action or for both purposes." Rule 26(a). The fact that the moving party may have knowledge of the existence of some or all of the facts will not prevent the examination, if otherwise proper. Benevento v. A. & P. Food Stores, Inc., D.C., 26 F.Supp. 424. Further, the fact that the desired information may later be obtained by interrogatories is not a valid objection to the taking of depositions. Goldberg v. Raleigh Manufacturers, Inc., D.C., 28 F.Supp. 975. I am of the opinion that under the circumstances the motion to examine these witnesses should be granted. Counsel are directed to arrange for the examination, at such time as Korda may be in New York City. He should produce such of the documents requested as are now in his possession or in the possession of the American offices of the aforementioned companies and such other records as may be readily available. If any of the records are privileged, or if the examination is so conducted as to pry into the business secrets of Korda's companies, or if he or they are harassed by the examination, the rules afford them protection through a proper application to the court.

Submit proposed orders on notice in accordance with this opinion.