NEW SANITARY TOWEL SUPPLY,
INC., et al., Plaintiffs,

v.

CONSOLIDATED LAUNDRIES CORPO·
RATION et al., Defendants.

United States District Court
S. D. New York.

March 30, 1959.

On Motion for Reargument
Sept. 3, 1959.

Burton B. Turkus, New York City, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant, Consolidated Laundries Corp.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendants, Central Coat, Apron & Linen Service, Inc., Sam Spatt, Standard Coat, Apron & Linen Service, Inc., Standard Coat, Apron & Linen Service, Inc. (a New Jersey corporation), Charles Maslow.

Cahill, Gordon, Reindel & Ohl, New York City, for defendants, General Linen Supply & Laundry Co., Inc., Cascade

Linen Supply Corp. of New Jersey, Fred S. Radnitz.

Simpson, Thacher & Bartlett, New York City, for defendants, Modern Silver Linen Supply Co. Inc. (a New York corporation), Modern Silver Linen Supply Co. Inc. (a New Jersey corporation), Louis Gordon.

Mervin C. Pollak, New York City, for defendants, Linen Supply Institute of Greater New York, Inc., Harry Kessler, Linen Service Council of New Jersey, Jack Orlinsky.

WEINFELD, District Judge.

The plaintiffs move for a protective order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., to limit the scope of their examinations and that of a witness so that matters which are the subject of a judgment previously entered in a criminal prosecution against the defendants shall not be inquired into.

This is a treble damage action charging the defendants with various violations of the antitrust laws. The plaintiffs are three corporations and three individuals, who are the officers, directors or stockholders of the corporations. The defendants are eight corporations engaged in the linen supply business, two trade associations and six individuals who are officers of the corporate or association defendants.

This action was instituted following the defendants' conviction after a trial before Judge Palmieri, without a jury, of conspiracy (1) to unreasonably restrain trade and commerce, and (2) to monopolize interstate trade and commerce in linen supplies in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. The Court made Findings of Fact and Conclusions of Law, and judgment of conviction was entered thereon.[1]

The essence of the charges in this civil action is that the defendants conspired (1) to destroy the business of the corporate plaintiffs and engaged in various predatory acts to achieve that objective, and (2) to eliminate the individual plaintiffs from the linen supply, diaper service and commercial laundry business by coercing each to execute personal restrictive covenants not to engage in such business for specified periods. The allegations of the complaint, particularly with respect to one of the plaintiffs, New Sanitary Towel Supply, Inc., closely parallel the Findings of Fact made by Judge Palmieri in the criminal prosecution which led to the judgment of conviction. The complaint further alleges that upon the trial of this action plaintiffs will offer the judgment and entire record in the criminal action pursuant to section 5 of the Clayton Act, which provides:

"A final judgment or decree rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken."[2]

The plaintiffs contend that the introduction of the judgment of conviction and the relevant Findings of Fact under the foregoing section would necessarily establish two basic elements of their claim as to which they have the burden of proof, to wit: (1) conduct of the

1. United States v. Consolidated Laundries Corp., Cr. No. 152–79, S.D.N.Y., June 16, 1958.

2. 15 U.S.C.A. § 16.

defendants in violation of the antitrust laws, and (2) impact of such unlawful conduct upon the plaintiffs.

The nub of the plaintiffs' position is that since definitive Findings of Fact were made with respect to the defendants' unlawful conduct and the impact of such conduct upon the plaintiffs, they are "conclusive" upon the defendants; that the defendants cannot relitigate those issues in this action to show, contrary to Judge Palmieri's Findings, that they did not commit the illegal acts or that plaintiffs were not victimized by them. Accordingly, the plaintiffs urge there is no justification for their examination by the defendants as to these matters, and that any examination should be limited to (1) claimed acts and conduct of the defendants as to which no Findings were made by the District Court, and (2) damages allegedly suffered by the plaintiffs by reason of the defendants' unlawful conduct.

The defendants challenge the plaintiffs' contention that the judgment and Findings of Fact in the criminal action are "conclusive" as to whether the violations occurred and as to their impact upon the plaintiffs. The defendants point to section 5 itself which provides that a judgment in favor of the Government when introduced by a private litigant shall be deemed only "prima facie evidence" against the defendants; also to the interpretation of this section by the Supreme Court in Emich Motors Corp. v. General Motors Corp.,[3] and finally, to the legislative history of the provision to show that Congress rejected a proposal to make such a judgment conclusive.[4]

Additionally, the defendants urge that since their appeal from the judgment of conviction is pending, no "final judgment" exists within the purview of section 5.[5] It is not required at this time to resolve the conflicting and contradictory positions taken by the parties as to the nature, force and effect of the judgment under section 5. Although some are obviously untenable their resolution might more appropriately be reserved for the trial. The issue before the Court at this time is whether or not it should exercise its discretion under Rule 30(b) so as to limit the examination of the plaintiffs.

Whatever differences may exist as to the effect of the judgment of conviction, what cannot be challenged is the plaintiff's right under section 5 of the Clayton Act to its prima facie benefits.[6] Unlike the Paramount case in which the "decrees did not rest on findings, nor were the findings based on evidence, of a par-

3. 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534.

4. See United States v. Standard Ultramarine & Color Co., D.C.S.D.N.Y., 137 F.Supp. 167, 172, note 24. Similarly, in 1950 a Congressional Committee considered, but took no action on, a proposal to make a decree in favor of the Government conclusive in a subsequent action by a private litigant. Hearings before Subcommittee on Study of Monopoly Power of the Committee on the Judiciary on H.R. 7905, 81st Cong., 2d Sess., Part 5, 52–53 (1950).

5 There is authority to this effect. Twin Ports Oil Co. v. Pure Oil Co., D.C.Minn., 26 F.Supp. 366, affirmed on other grounds 8 Cir., 119 F.2d 747, certiorari denied 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516. Our Court of Appeals seemingly followed that authority in Fifth & Walnut, Inc. v. Loew's, Inc., 2 Cir., 176 F.2d 587, certiorari denied 338 U.S. 894, 70 S.Ct. 242, 94 L.Ed. 549. However, it should be pointed out that what was involved in the latter case was the decree in the well-known Paramount case which, when offered upon the trial, was under remand for modification in the terms of the decree. The modified decree and findings were not entered until several years after the trial. See also Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537, 543, note 11, 74 S.Ct. 257, 98 L.Ed. 273.

6. Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273; Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534.

ticular conspiracy * * * ",[7] the judgment in the instant case rests upon findings delineating a particular conspiracy directed, in part, against one or more plaintiffs herein.

An examination of the record reveals extensive and detailed Findings of Fact relating in large measure to the plaintiff, New Sanitary Towel Supply, Inc. These were based upon the testimony of Paul Ullman, principal executive officer of that corporation and one of the individual plaintiffs herein. As the chief prosecution witness, he was examined at length and for approximately four days by a battery of counsel representing the various defendants. His direct testimony, which lasted almost two days, was a full exposure of plaintiffs' position with respect to the charges of illegal conduct and action by one or more of the defendants. The charges were not only sustained but their impact, particularly upon the plaintiff New Sanitary Towel Supply, Inc., was found as fact by the Trial Judge. Thus, it is open to question that the proposed examination of the plaintiffs on these matters, which were the subject of extensive direct examination and vigorous cross-examination, is "reasonably calculated to lead to the discovery of admissible evidence."[8] On the contrary, its purpose appears to be to engage in a duplicitous recross-examination of Ullman. To permit the defendants to re-examine him on the very facts as to which he has already been thoroughly examined would serve no purpose other than to harass and oppress a litigant.

Indeed, the defendants, other than to assert a right as litigants to examine an opposing party, advance no substantial or valid reason for the examinations. The right to take a deposition of a party is subject to various limitations enumerated in the Rules, all summed up in the Court's power under Rule 30(b) to "make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." The Courts, in harmony with the spirit of the Rules, have applied them with liberality, but such a policy does not justify an examination which can serve no useful purpose in furthering the defendants' cause other than to afford an opportunity to vex and harass an opposing litigant. To deny the defendant the right again to traverse ground much covered in the criminal litigation is not to deny it a right afforded to other litigants in civil actions but to prevent abuse of the Court's process.

Under the circumstances, the motion to limit is granted to the following extent: a plaintiff shall not be examined on any matter as to which the Court in the criminal action has made a specific finding of fact. This permits a full examination of each plaintiff as to any alleged antitrust conduct and impact not so specifically found by the Court; obviously it permits an unlimited examination on the issue of damages.

The papers on this motion indicate that in connection with the plaintiffs' proposed examination their attorney agreed to make available to the defendants for inspection and discovery all the papers, documents and records which had been delivered to the United States Attorney in connection with the criminal prosecution. To date only some of these have been made available to the defendants. Plaintiffs' attorney now appears to have had a change of heart. The Court should not be burdened with unnecessary applications. Since the documents may be relevant in connection with the limited examination permitted the defendants, and it appearing that good cause has been shown for their production, this order is conditioned upon the plaintiffs submitting for inspection and discovery to the defendants under Rule 34 the

7. Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. at page 543, 74 S.Ct. at page 261.

8. Fed.R.Civ.P. 26(b).

balance of the documents previously delivered to the United States Attorney, at a time prior to the examination of the plaintiffs.

Settle order on notice.

### On Motion for Reargument.

All documents and records referred to in the affidavit of Justin Colin which he asserts plaintiffs "still" have not produced, whether in the possession of the plaintiffs, their attorneys, accountants, agents or representatives, or the United States Attorney or any other governmental agency or official, are encompassed within the Court's direction for discovery and inspection. In view of the issue which has been raised as to the existence or whereabouts of certain documents or records, the order to be entered herein may contain a specific and appropriate provision permitting inquiry with regard to their existence or nonexistence. The order may also contain a specific provision permitting inquiry as to the identity or location of any person having knowledge of relevant facts. Nothing in the Court's decision warrants a conclusion to the contrary.

As to other contentions made upon this application for reargument, the fact that counsel now representing the defendants did not participate in the criminal trial, and the suggestion that if they had, a different and perhaps more extensive and thorough cross-examination of Paul Ullman, the prosecution's chief witness, would have been conducted, is not persuasive. The engagement of new counsel by defendants to represent them in this civil action does not change the basis of the Court's disposition of the original motion. The fact is that all defendants herein were defendants in the criminal action, and were there represented by counsel of their own choice who not only conducted a vigorous but, as the record shows, an extensive cross-examination of the chief government witness.

The Court's decision and the exercise of its discretion were based upon the examination of that witness and the clear exposure through him of plaintiffs' position with respect to the antitrust charges against the defendants. It was not intended to foreclose an examination of the plaintiffs by any other officer, director or managing agent or any other person who was not examined as a witness in the criminal prosecution—and the order to be entered may so provide.

In passing, the Court notes that defense counsel's statement that the Court's holding is "that cross-examination of a witness in a prior action, either criminal or civil, is an adequate substitute for the broad examination permitted under Rule 26 of the Federal Rules of Civil Procedure" is not correct and misinterprets the Court's decision.

The motion for reargument is granted only to the extent indicated herein and otherwise denied in all respects.