**Jack KLAUSEN, Plaintiff,**

v.

**The SIDNEY PRINTING & PUBLISHING COMPANY et al., Defendants.**

**No. KC–2519.**

United States District Court
D. Kansas.

Jan. 18, 1967.

Marion C. Miller, of Benson & Miller, Kansas City, Kan., for plaintiff.

Willard L. Phillips and Bill E. Fabian, of McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

In this action the plaintiff alleges that the defendants unlawfully conspired and formed a trust which resulted in damage to the plaintiff. The plaintiff is an individual engaged in the business of numismatics, and the defendants are the publishers of a newspaper which allegedly specializes in information related to the field of numismatics. The case is now before the court upon the motion of the defendant Sidney Printing & Publishing Co. for a protective order relieving it from the burden of answering certain interrogatories propounded by the plaintiff, or, in the alternative, for an extension of time in which to submit objections to those interrogatories.

The interrogatories propounded by the plaintiff are extensive. They comprise some 104 questions in all, most of which would necessitate lengthy response. Many of them have numerous subparts. The defendant seeks a protective order on the grounds that the questions are burdensome; that they will not lead to discovery of relevant information; that they call for theoretical and philosophical responses; and that they amount to a harassment of the defendant.

■■ The mere fact that interrogatories are lengthy, or that the defendant will be put to some trouble and expense in preparing the requested answers is not alone sufficient to warrant the granting of a protective order. The discovery rules should be liberally construed in favor of discovery where possible. 4 Moore, Federal Practice, § 33.02.

■■ Of course, the liberal interpretation afforded the rules should not be indulged to permit flagrant abuse of proper discovery practices. Examination of the questions submitted by plaintiff in this case indicates that they are overly extensive and in many respects unduly burdensome. However, I do not believe that the granting of a protective order under F.R.Civ. P. 30(b) would be a proper method of limitation. Where interrogatories are objectionable, the interrogated party must indicate his objections thereto with particularity. A general request for a protective order is not sufficient.

■ As has already been observed, the plaintiff's interrogatories are extensive. The defendant is entitled to a reasonable period in which to examine them, and to file objections. The court believes that thirty days is sufficient.

It is ordered that defendant's motion for a protective order be denied and that the defendant, within thirty days, either answer each interrogatory or serve objections thereto.