HOOD, Judge.
Plaintiffs, Gilbert Albert Chesson, Jr., and Sherman Fontenot, instituted this suit for damages against Adam A. Hunger-ford, alleging as a basis for their claim that defendant defamed them. Hunger-ford answered and filed a reconventional demand for damages, alleging that plaintiffs assaulted and struck him with a dangerous weapon, causing him to sustain physical injuries and other damages. The case has not come up for trial on its merits. We granted a writ of certiorari, however, to review an interlocutory order of the trial court limiting the scope of a discovery examination' sought by plaintiffs. The matter is before us now on that writ.
The issue presented is whether the trial court erred in restricting plaintiffs’ discovery examination of defendant to certain matters, and in refusing to allow plaintiffs to question defendant about the alleged assault and battery, that being the principal incident which gave rise to this suit.
The record shows that after issue was joined plaintiffs gave formal notice to Hungerford that the latter’s deposition would be taken on July 2, 1969. Hunger-ford opposed the taking of the deposition on the grounds that it would subject him to annoyance, embarrassment, oppression, and undue expense, and that all of the facts sought to be elicited from him were already known to plaintiffs. Following a hearing, the trial judge decreed that plaintiffs are entitled to take the discovery deposition of defendant Hungerford, but that the scope of the examination must be limited to “those matters pertaining to his medical records, concerning his past medical history, and also concerning any question of his prior criminal record.” The order of the trial court further stipulated that, “The court will not allow the deposition to cover alleged facts of this incident, as this court is convinced beyond any doubt that the moving party for the deposition has all of the information within its own knowledge.”
Upon application of plaintiffs, we granted a writ of certiorari to review this interlocutory order of the trial court.
Plaintiffs contend that they are entitled to examine defendant about the altercation which allegedly took place between them and the defendant, especially since defendant is demanding damages for injuries which he claims to have sustained as a result of that incident. They argue that they will suffer irreparable injury if they are prevented from questioning defendant about that altercation. Defendant contends that the suit was not filed in good faith, that plaintiffs already know the facts which they seek to elicit from defendant, and that their sole purpose in taking the discovery deposition is to harass and annoy Hungerford, with the ultimate aim of bringing about a dismissal of or an acquittal in the criminal charges which are pending against plaintiffs. Defendant argues that the trial court, exercising the discretion which is vested in it by law, properly restricted the scope of the examination to protect defendant from annoyance, oppression, and undue expense, all as authorized by LSA-C.C.P. Art. 1452.
Article 1452 of the Louisiana Code of Civil Procedure provides:
“After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may *334 order that the deposition shall not be taken, or that it may be taken only at a designated time or place other than that stated in the notice, or that it may be taken on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents of information enclosed in sealed envelopes to be opened as directed by the court; or the court may render any other order which justice requires to protect the party or witness from annoyance, embarrassment, oppression, or undue expense.
“The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inpection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
Most of the provisions in the Louisiana Code of Civil Procedure relating to discovery are modeled after similar provisions in the Federal Rules of Civil Procedure. The first paragraph of LSA-C.C. P. Art. 1452, above quoted, has as its source Federal Rule 30(b), the language used in both instances being almost identical. In view of that fact it is appropriate for us to consider the interpretations which other courts have placed on the last cited provision of the Federal rules.
The jurisprudence establishes that the Federal discovery rules should be liberally construed in favor of discovery, where possible. A party is presumed to have the unlimited right of discovery against another party to the suit. The one whose deposition is sought may overcome this presumption, however, and he may obtain an order limiting the scope of the examination or prohibiting it altogether by showing that justice requires that such an order be issued to protect him from annoyance, embarrassment, oppression, or undue expense. The burden rests upon the mover, that is the party who seeks to prevent or to limit the scope of the examination, to show “good cause” for such a protective order. See Rule 30(b), Federal Rules of Civil Procedure; Novel v. Garrison, 42 F.R.D. 234 (E.D.La.1967); Klausen v. Sidney Printing & Publishing Company, 271 F.Supp. 783 (D.Kan.1967); Barron and Holtzoff, Federal Practice and Procedure, Vol. 2A, Sec. 715.
The mere fact that the examination will be lengthy, or that the deponent will be put to some trouble and expense in preparing for or in submitting to the deposition, is not alone sufficient to warrant the granting of a protective order. Klausen v. Sidney Printing & Publishing Company, supra. The scope of the examination will be limited, however, where the deponent establishes that it can serve no useful purpose in furthering the cause of the litigation other than to vex and harass an opposing litigant. New Sanitary Towel Supply, Inc. v. Consolidated Laundries Corp., 24 F.R.D. 186 (S.D.N.Y.1959).
The objection that the discovery interrogation is sought only as a “fishing expedition” no longer serves to preclude a party from inquiring into facts underlying an opponent’s case. Mattson v. Cuyuna Ore Company, 178 F.Supp. 653 (D.Minn.5th Div.1959); Banco Nacional *335 de Credito, etc. v. Bank of America National Trust & Savings Ass’n, 11 F.R.D. 497 (N.D.Cal.S.D.1951); Laverett v. Continental Briar Pipe Co., 25 F.Supp. 80 (E.D.N.Y.1938); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). And, the circumstance that the party who seeks the discovery deposition may have knowledge of all or some of the facts about which inquiry is to be made will not serve as a ground for preventing or limiting the scope of the examination. Samuel Goldwyn, Inc. v. United Artist Corporation, 35 F.Supp. 633 (S.D.N.Y.1940); Benevento v. A. & P. Food Stores, 26 F. Supp. 424 (E.D.N.Y.1939); Boldt v. Sanders, 261 Minn. 160, 111 N.W.2d 225 (1961).
In Bairn & Blank, Inc. v. Philco Distributors, Inc., 25 F.R.D. 86 (E.D.N.Y.1957) the court appropriately said:
“The purpose of the deposition-discovery procedure is not only for the ascertainment of facts, but also to determine what the adverse party contends they are, and what purpose they will serve, so that the issues may be narrowed, the trial simplified, and time and expense conserved. It has also been held that inquiry, either by deposition or interrogatory, into facts within the discoverer’s own knowledge, and of which he already has information, are proper.”
And, in Samuel Goldwyn, Inc. v. United Artists Corporation, 35 F.Supp. 633 (S.D.N.Y.1940), the court held:
“The fact that the moving party may have knowledge of the existence of some or all of the facts will not prevent the examination, if otherwise proper. Benevento v. A. & P. Food Stores, Inc., D.C., 26 F.Supp. 424. Further, the facts that the desired information may later be obtained by interrogatories is not a valid objection to the taking of depositions. * * * ”
In our opinion all of the above stated rules are applicable here. The articles of the Louisiana Code of Civil Procedure relating to discovery should be liberally construed in favor of discovery, where possible. Ordinarily the party to the suit is presumed to have the unlimited right of discovery against another party. This presumption may be overcome, however, and the court properly may order that the scope of the examination be restricted where “good cause” for such a protective order is shown. The burden rests on the party whose deposition is sought to show “good cause” for prohibiting or for limiting the scope of the examination. The circumstance that the party who is seeking the discovery deposition already has knowledge of the facts about which inquiry is to be made, standing alone, does not constitute sufficient grounds for preventing or for limiting the scope of the examination, if otherwise proper.
In the instant suit the only ground shown for limiting the scope of the discovery examination of defendant Hunger-ford is that plaintiffs were present when the alleged altercation took place and that they thus have knowledge of the facts surrounding that incident. It is on that ground, and on that ground alone, that the trial judge ordered that the discovery examination was not to include any facts relating to that altercation. The record does not show that Hungerford will be subjected to any annoyance, embarrassment, oppression, or undue expense by submitting to an unrestricted examination. He will have to submit to an examination on other matters anyway, and we find nothing to indicate that he will be caused any additional expense or annoyance by being questioned as to the incident which forms the basis for his reconventional demand.
The case of Self v. Employers Mutual Liability Ins. Co. of Wis., 90 So.2d 547 (La.App.2d Cir. 1956), relied on by defendant, is not applicable here. In that case *336 defendant, in preparation for the trial, had obtained written statements from a number of witnesses. Plaintiff filed a motion to compel defendant to produce those statements so that they would be available to plaintiff prior to the trial. The court refused to order defendant to produce them, basing its decision on the provisions of the second paragraph of LSA-C.C.P. Art. 1452 (then LSA-R.S. 13:3762). The second paragraph of the cited article, sometimes referred to as the “Hickman Amendment,” was inserted in the Louisiana discovery statute to prevent the very thing which was attempted by the plaintiff in the Self case. The purpose of that provision is to relieve a, party from the necessity of having to surrender the “work product” of his own attorney to his opponent in the suit. See notes under LSA-C.C.P. Art. 1452.
In the instant suit, unlike the facts on the Self case, plaintiffs are not seeking to compel defendant to produce any writing or any “work product” of his attorney. So, while the second paragraph of LSA-C.C.P. Art. 1452 governed the decision in the Self case, that part of the article is not applicable here. The issues presented in the Self case are materially different from those presented in the instant suit and the holding in Self thus cannot be applied here.
Finally, defendant argues that the order limiting the scope of the discovery examination was justified because plaintiffs can obtain Hungerford’s testimony by means of a preliminary examination in the criminal case which is pending against plaintiffs. We find no merit to that argument. We are convinced that in this proceeding plaintiffs are entitled to examine defendant about the alleged altercation, despite the fact that they applied for a preliminary examination in the criminal case and thereafter they apparently abandoned that application or have failed to pursue it further.
Our conclusion is that the trial judge erred in prohibiting plaintiffs from examining defendant Hungerford about the incident that allegedly occurred on April 26, 1969.
For these reasons we hereby set aside the order or decree of the trial judge issued on September 11, 1969, insofar as it purports to limit the scope of plaintiffs’ discovery examination of defendant Hun-gerford. The case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this proceeding are to be assessed when the case is determined on its merits.
Decree of trial court set aside and case remanded.