GULOTTA, Judge
(concurring).
I concur with the majority that the appeal should be dismissed; however, I am of the opinion that the motion to dismiss should be granted for additional reasons.
Since an appeal has been lodged in this court, I deem it advisable to consider the motion to dismiss the appeal on the question of whether the action of the trial judge was proper in ordering defendant to answer the interrogatories.
Were we to grant the motion to dismiss on the ground that the issue would more properly be considered on application for supervisory writs, we would be contributing further to the impeding of the progress of litigation in the trial court.
Obviously, as a result of the decision, writs would then be sought in this court, even though the very issues to he considered in the writs at a later time are before us now for our consideration. I deem it advisable not to burden the course of the litigation with further delay.
I am of the opinion, therefore, that we must consider at this time the question of whether irreparable harm would result from compelling The Plimsoll Club to answer the interrogatories propounded. In *313 this respect, I do not find that irreparable harm would result to the defendant.
The information sought is clearly relevant as it relates to membership in the club, to the resignations of club members, to committee memberships, as well as to those subscription fees returned during a period of time germane to plaintiff’s request for the return of his fee. I fail to understand how defendant can complain that divulging those names would result in harm either to the organization or to its members. Moreover, it is well settled that irreparable harm and injury is that which cannot be measured by pecuniary standards. Danzie v. Rutland, 232 So.2d 303 (La.App. 2nd Cir. 1970); Pennington v. Drews, 209 La. 1, 24 So.2d 156 (1945). In the event that any harm would conceivably result in this instance by answering the interrogatories, I feel that harm could nevertheless be measured in damages by such standards. Therefore, I find no merit in defendant’s contention in this regard.
I am of the opinion that plaintiff’s interrogatories are relevant to the issues that might be encompassed in the trial of this matter on its merits. Plaintiff does not inquire into policies and operations of the defendant club which are not pertinent to the issue. Each interrogatory has some relation to the question of whether Bonck might have been entitled to have his membership transferred in accordance with the Articles of Incorporation or may have been bypassed in this respect.
It is well established that broad latitude ought to be given in the use of the discovery articles of the Code of Civil Procedure provided the information sought is relevant and not calculated to harass, annoy, or embarrass the other party. See: C.C.P. Articles 1436, 1491; Chesson v. Hungerford, 228 So.2d 332 (La.App. 3rd Cir. 1969); Gaudet v. Lawes, 166 So.2d 337 (La.App. 1st Cir. 1964). Were we to restrict the use of discovery, as suggested by defendant, in limiting the interrogatories, we would defeat the very purpose of those statutes relating to discovery. This we should not do.
I am further of the opinion that defendant’s contention that plaintiff is without capacity to sue and therefore not entitled to propound interrogatories is also without merit. The allegations of the petition and the answers of the defendant acknowledging that plaintiff was in fact a charter member and that he had resigned obviously provides him with the capacity to file suit. Whether or not his cause of action will prevail on the merits is a question to be decided in further proceedings, however.
Accordingly, for the above and foregoing reasons, I concur that the motion to dismiss should be granted.