355 So.2d 1091 (1978)
Marion Elizabeth Dutile VIATOR, Plaintiff-Relator,
v.
Robert I. SONNIER et al., Defendants-Respondents.
No. 6571.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
Herman C. Clause, Lafayette, for plaintiff-relator.
Jacob D. Landry, New Iberia, Roy & Forrest, Leon E. Roy, Jr., New Iberia, Voorhies & Labbe, Patrick A. Juneau, Jr., Lafayette, for defendants-respondents.
Before GUIDRY, FORET and CUTRER, JJ.
*1092 CUTRER, Judge.
Plaintiff-relator (hereafter relator) filed this action for personal injuries and property damage on December 11, 1975, alleging that Marion Viator was injured in an automobile accident on December 13, 1974. On February 17, 1978, defendants-respondents (hereafter respondents) filed a motion entitled "Motion for Discovery, Physical Examination and Photographing." This motion alleged the following: that after the accident, relator was examined by several doctors with the indications being that relator had sustained some type of cervical strain; that relator's treating physician, Dr. Steven Snatic, performed two myelograms which were both negative for disc pathology; that on or about February 10, 1978, relator saw a neurologist in Houston, Texas, who advised relator to undergo an operation for injuries sustained in the accident; that the Houston neurologist, Dr. John McCutchen, recommended surgery possibly consisting of a two or three level fusion of the cervical spine or a thoracic outlet syndrome operation or possibly both; and that respondents were informed by relator on or about February 14, 1978 that the surgery was scheduled for February 23, 1978.
A contradictory hearing was conducted on the merits of respondents' discovery motion. On February 19, 1978, the trial court rendered judgment granting respondents' motion. Relator applied to this court for a writ of certiorari and a stay order. We granted the writ of certiorari to consider the validity of the discovery allowed by the trial court. A stay order was refused.
Relator complains of the contents of the trial court's judgment granting respondents' discovery motion. Specifically, relator argues that the trial court abused its great discretion in discovery matters by:
(1) Ordering an examination of the relator by three separate physicians;
(2) Ordering the respondents be allowed to have observers at any surgery performed on relator equal in number and specialization to physicians performing any operation;
(3) Authorizing the filming and/or photographing of any operation to be performed on relator in relation to this case;
(4) Ordering that the surgery be postponed for two weeks;
(5) Stating that the sanction for default of this judgment would be that evidence of the surgery or surgeries to be performed would not be admitted into evidence;
(6) Ordering the relator to give respondents written notice at least 10 days prior to any operation to be performed on the relator.
Relator first complains that under the provisions of LSA-C.C.P. art. 1464, the trial judge erred by ordering an examination of the relator by three separate physicians rather than by one physician. After a hearing, the trial court ordered that the relator submit to three medical examinations. Relator was ordered to submit to a physical examination by a neurosurgeon, a vascular and thoracic surgeon, and by relator's own treating physician. The trial judge scheduled the examinations over the course of one day. All of the three physicians resided in Lafayette which was in close proximity to relator's residence in New Iberia. The judge amply stated the scope of the examinations.
LSA-C.C.P. art. 1464 provides:
"When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
We find no Louisiana cases that have addressed the issue of whether Article 1464 allows a plaintiff to be examined by *1093 three physicians instead of by one physician. Relator argues that the first sentence of the article clearly provides that the party may be ordered to submit to "a physical or mental examination by a physician . . ." However, the second sentence of the article states that the trial court's order shall specify "the person or persons" by whom the physical or mental examinations will be conducted. The Federal Rule of Civil Procedure 35(a) is analogous to our Article 1464.[1] The federal jurisprudence and commentators interpret that Rule to mean that the trial court is allowed to order examinations by more than one physician as long as each doctor's examination is justified by the circumstances of the case. Marshall v. Peters, 31 F.R.D. 238 (S.D.Ohio 1962); Little v. Howey, 32 F.R.D. 322 (W.D.Mo.1963); Wright & Miller, Federal Practice and Procedure: Civil 2234 (at pp. 676-677). In the case at hand, we feel that an examination by each of the three doctors named by the trial court was justified since the additional medical information has been shown to be necessary for the respondents to defend in this case. We hold that the trial judge has the authority to order examinations by the three physicians.
The next contentions of relator are that the trial court abused its great discretion accorded in discovery matters by ordering the respondents be allowed observers to be present in any operation to be performed on relator, and by further authorizing the filming and/or photographing of any such operation. The ruling of the trial court stated:
"(4) Defendants be allowed to have observers at any surgery to be performed on Marion Viator having any alleged reference to this matter, the number of said observers to be equal to and the specialization of said observers to be the same as those physicians in attendance to Marion Viator at each surgery and said observers shall be allowed to view closely each aspect of each surgery; but are in no way to interfere with the same.
"(5) Defendants are hereby authorized and allowed to film and obtain photographs of any operation to be performed on Marion Viator having any alleged reference to this case; but are in no way to interfere with the same."
Again, we find no Louisiana cases nor has able counsel referred the Court to any jurisprudence dealing with this type of discovery. This method of discovery is not contemplated under Article 1464. Furthermore, these discovery methods are not authorized by any provision of the new Louisiana articles on discovery (LSA-C.C.P. Articles 1421-1474). While recognizing that statutes relating to discovery should be liberally construed in favor of discovery where possible, Chesson v. Hungerford, 228 So.2d 332 (La.App. 3 Cir. 1969), we conclude that the trial court had no discretion to order observers and the filming or photographing of any operation to be performed upon relator relative to this case. Other discovery methods exist to determine the details and findings of an operation.
Relator contends the trial judge further erred by ordering relator to postpone the operation for two weeks or face certain consequences. Again, we feel that the trial judge abused his much discretion by seeking to postpone an operation or at least achieve that effect by placing sanctions on same if he did not comply. Dr. McCutchen recommended that surgery be performed. The discovery articles do not authorize the court to interfere with the medical decision of when surgery should be performed. Under these circumstances, we do not feel that it was within the discretion of the trial judge to issue an order that could affect the time at which surgery should be performed.
The next assignment of error urged by relator is that the trial judge erred by incorporating the sanctions contained in LSA-C.C.P. art. 1471 in his discovery order. The trial judge stated that failure to comply with his order would result in the exclusion *1094 of any evidence of the surgery or surgeries to be performed on relator at the trial of the case. Article 1471 provides as follows:
"If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
"(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
"(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
"(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
"(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
"(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.

"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied)
The above article provides various sanctions that may be imposed by the trial judge for the failure to obey a discovery order. These sanctions should not be incorporated in the order. These sanctions are discretionary and may be imposed by the court if the order is disobeyed without justification. It is to be noted that in paragraph (5) the court may impose the sanctions of paragraphs (1), (2), and/or (3) for failure to report for examinations, "unless the party failing to comply shows that he is unable to produce such person for examination". By incorporating the sanction in the order, as was done herein, the party who fails to report for examination is denied the right to explain such failure. In this case, the trial judge should not have included the sanction in the discovery order as it deprived the relator of the right to explain the failure to report for examination.
Relator's last assignment of error concerns that portion of the order requiring relator to give a 10-day written notice to respondents of any operations to be performed on relator having any reference to this case. The objection lies because the purpose of the notice would be to allow respondents time to engage observers to be present during the operation as well as film or photograph the surgery. Since we have resolved the issue of observing and photographing surgery in favor of relator, the purpose of the 10-day notice becomes moot.[2]
For the reasons assigned, the writ previously granted is recalled as to Paragraph 2 of the trial court's order and made peremptory as to all other sub-paragraphs. Accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that relator, Marion Elizabeth *1095 Dutile Viator, submit to medical examinations by Dr. Ricardo Leoni, neurosurgeon, Dr. Steven J. Snatic, neurologist, and Dr. F. H. Davis, Jr., vascular and thoracic surgeon, within the named physicians' specialties having reference to her complaints relating to the accident in question, within a reasonable time following the finality of this judgment and at such times and places as designated by the trial court upon remand of this matter.
IT IS FURTHER ORDERED that the judgment of the trial court dated February 19, 1978, as to all sub-paragraphs excepting sub-paragraph 2 is reversed and set aside, and this matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. All costs occasioned by this writ application are to be borne by respondent.
WRIT RECALLED IN PART: WRIT MADE PEREMPTORY IN PART AND REMANDED.
NOTES
[1] Louisiana courts interpreting Louisiana discovery provisions can rely on federal jurisprudence under analagous federal provisions as persuasive authority on discovery questions. Ogea v. Jacobs, 344 So.2d 953 (La.1977).
[2] This does not imply that we disagree with the right of a trial judge to order that notice be given of a pending operation.